J. N. GLENN, for plaintiffs.

---

## DUCKETT v. THE STATE.

1. Where one hires another in the State of Tennessee to commit a trespass in Georgia, and the person hired does commit the trespass and in so doing acts in a manner reasonably to be anticipated by the person who employed him and thereby commits a misdemeanor, both are principals in the misdemeanor and subject to indictment and punishment in Georgia. Thus, a constable in Tennessee, wishing to levy upon a horse which was in Georgia, hired a person to bring the horse into Tennessee without specifying how it was to be brought, and the person employed rode the horse in Georgia without the consent of the owner and by this means executed his commission: *Held*, that the constable, as well as his agent, was guilty of a misdemeanor under the statute making it penal to willfully ride or drive the horse of another without the consent of the owner.

2. There was no substantial error in the charge of the court, and the evidence warranted the verdict.    *Judgment affirmed.*

December 18, 1893.

Indictment for misdemeanor.    Before Judge MILNER. Whitfield superior court.    October term, 1893.

Howard. Tilley and Enoch Duckett were indicted for riding and driving a horse belonging to Mrs. Foster without her consent, on August 1st, 1892, in Whitfield county, Georgia. Duckett was found guilty, and his motion for a new trial was overruled. The motion contained the grounds that the verdict was contrary to law and evidence, and to the following charge to the jury: " If you believe from the evidence that the defendant contracted with and procured one Howard Tilley to ride or drive the horse of the person mentioned in the bill of indictment, and the said Tilley, in pursuance of the contract, came into this State and county and rode or drove the horse of the person mentioned in the bill of indictment, without the consent of such owner, the defendant would be guilty and it would be your duty to convict him." Also, that the following charge was error for want of evidence on which to base it: " If you believe from the evidence that the defendant procured Tilley to ride or drive the horse described in the bill of indictment, and the said Tilley did, in pursuance of a contract or agreement with the defendant, ride or drive the horse in Whitfield county, it would be your duty to find the defendant guilty."

The testimony of Mrs. Foster was, that she missed her horse on August 31st, 1892, and the next day received a letter addressed to her husband from defendant Duckett, signing as constable, stating " I this morning levied. an execution on your horse in favor of a bill of cost obtained against you on February 5th, 1891, before W. L. Atchley, J. P., on a peace warrant. You can get your horse by making good Tennessee delivery bond." This letter was headed, " Cleo, Tennessee, September 1st, 1892." On the receipt thereof Mrs. Foster went up, filed her papers and got the horse, which was her property. It was taken without her consent. She and her husband lived together. He sometimes drove

this horse, but only when she consented for him to do so. He had no horse, but sometimes used this one. Howard Tilley and one Parker testified, that in the latter part of August, 1892, defendant came to Parker's saw-mill in Bradley county, Tennessee, where in a conversation he stated that he had an execution against old man Foster, and further said, " I would give $2.50 if I had his horse across the line so I could levy on it." To this Tilley replied, " I will do it for that," and defendant said, " If you do me any good you will have to do it by Saturday, as my time is out then." This is all that was said. Tilley further testified that he went in the afternoon and got the horse from the stable and carried him into Tennessee, and let him stay until after night, and afterwards carried him to another point in Tennessee, about a mile from where defendant lived. Defendant never paid him anything for getting the horse, and he never asked him for pay. He notified defendant where the horse was, and supposed he got it. Tilley rode the horse in Georgia about 100 yards. Did not tell defendant's counsel that he did not ride the horse in Georgia, but told him he did not think he rode him. He did not like old man Foster, and got the horse as much to get even with him as to get pay; but expected afterwards to get pay. Defendant did not tell him to get Mrs. Foster's horse; he talked about the old man's horse. Tilley got the horse he told him to get. Did not know it belonged to Mrs. Foster. Parker testified that he was present and heard Tilley tell defendant's counsel that he did not ride the horse in Georgia.

MADDOX & STARR, by brief, for plaintiff in error.

A. W. FITE, solicitor-general, contra.