REEVES *v.* THE STATE.

FISH, C. J. 1. On the trial of Paul Reeves, jointly indicted with Will
Bowers, for the alleged murder of Burrell Favor, the court instructed the
jury as follows: "If there was a common design and purpose existing
between persons to do an unlawful act, any one of such persons would
be responsible for any act done by another member in furtherance of
this common purpose, as well as for all the consequences which would
naturally or necessarily result from any act done by any member of
the party in pursuance of the common unlawful enterprise. So, . .
you look to the evidence in this case. Was there a common intent, a
common purpose, existing between Will Bowers and Paul Reeves to kill
Solicitor Dix? Look at the evidence to see whether or not that is
true. The defendant insists it is not true. If you believe from the
evidence . . that it was the common purpose, shared in by both
of them, by Will Bowers and the defendant on trial, Paul Reeves, to
kill Solicitor Dix—that they both shared in the felonious design and
purpose to kill Solicitor Dix, and that Will Bowers, in pursuance of
such common purpose, while endeavoring to shoot and kill Solicitor Dix,
shot and killed Burrell Favor, and you further find that the defendant,
Paul Reeves, was present, and in pursuance of a common purpose and
design to do so, shared by himself and Will Bowers, was aiding Will
Bowers in seeking to kill and murder Solicitor Dix, and under such
circumstances Will Bowers shot and killed Burrell Favor when attempt-
ing to shoot and kill Solicitor Dix, though not intending to kill Bur-
rell Favor, and you find that Will Bowers is guilty of murder in killing
Burrell Favor, then the defendant on trial . . would be guilty of
murder as principal in the second degree, and you should so find, if
you believe these facts to exist." *Held,* (*a*) that such instruction cor-
rectly stated a sound legal proposition (*Handley* v. *State,* 115 *Ga.* 584
(41 S. E. 992) ; Jennings *v.* Com., 16 S. W. 348 (13 Ky. L. R. 79) ;
Wharton on Homicide (3d ed. Bowlby), §§ 418, 425, 427, 428, 429) ;
(*b*) that it was applicable to the evidence submitted by the State; and
(*c*) that it did not express or intimate an opinion of the court that
a common design existed between Bowers and Reeves to kill Dix,
and that Bowers in furtherance of such design, shared in by Reeves,
while attempting to execute it, shot and killed Favor instead of Dix,
and that Reeves was present, aiding and abetting Bowers in so doing.
2. There was no merit in the ground of the motion for a new trial based
on alleged newly discovered evidence for the same reasons as stated in
*Bowers* v. *State,* ante, 310 (69 S. E. 536), headnote 1.
3. The verdict was supported by the evidence, and the court did not err in
refusing to grant a new trial.

*Judgment affirmed. All the Justices concur.*

NOVEMBER 15, 1910.

Indictment for murder. Before Judge Freeman. Coweta su-
perior court. June 15, 1910.

*W. C. Wright,* for plaintiff in error. *H. A. Hall, attorney-gen-
eral,* and *J. R. Terrell, solicitor-general.* contra.