## 5527.  HENDERSON *et al. v.* THE STATE.

Under the code sections declaring that it is error for the judge, in his charge to the jury, to express or intimate his opinion as to what has or has not been proved, and that where this has been done a new trial shall be granted (Penal Code, § 1058; Civil Code, § 4863), an instruction by the judge to the jury, on the trial of persons accused of the larceny of certain hogs, that in determining whether it was the intention of the accused to take hogs they knew were not theirs, the jury were to "look to  .  .  the way they were marked," was error requiring a new trial, one of the issues raised by the evidence being whether the hogs in the possession of the defendants, which the prosecutor contended had been stolen from him, were marked before the defendants took possession of them.

DECIDED JUNE 22, 1914.

Indictment for larceny of hogs; from Pierce superior court— Judge Quincey. January 1, 1914.

*W. A. Milton, W. W. Bennett,* for plaintiffs in error.

*M. D. Dickerson, solicitor-general, Wilson, Bennett & Lambdin, Lawson Kelly,* contra.

ROAN, J. John Henderson, Herschel Henderson, and John Herrin were jointly tried on an indictment for simple larceny, and were convicted. They except to the refusal of a new trial. The defendants claimed that the hogs alleged to have been stolen, and which had been roaming loose in the woods, were given to them

some years before by Harley Henderson, a brother of two of the defendants, when he moved west, and that the hogs had been allowed to remain at large ever since. They claimed that when the hogs were caught, only three of the nine hogs taken were marked, and that they marked the rest, with the exception of one which was killed and divided among them. They insisted that they took these hogs under an honest claim of right, really thinking that they were hogs, or descendants of hogs, that Harley Henderson had given to them. The State's evidence tended to show that some of the hogs caught by the defendants were the property of neighbors, that these hogs were marked before they were missed, and that the marks were changed. The defendants surrendered the hogs when they were claimed by the neighbors, and apparently no effort had been made to conceal them.

Section 1058 of the Penal Code declares: "It is error for the judge . . in his charge to the jury, to express or intimate his opinion as to what has or has not been proved; . . and a violation of the provisions of this section shall be held . . to be error, and the decision in such case reversed, and a new trial granted." Section 4863 of the Civil Code is to the same effect. Complaint is made in the motion for a new trial that the trial judge violated this law, in charging the jury in the following language: "If you find that these four boys were there acting together, with a common purpose and intention to take the hogs they knew were not theirs, and they did not honestly believe belonged to them (and as to that you are to look to all the circumstances of the case, *the way they were marked,* and the circumstances as to whether or not the marks were changed in any way, and all the facts and circumstances surrounding the case), and if you find that these four boys took the hogs with the purpose and intent to steal them, then you should convict them all;" the alleged error being that the expression used by the judge, "the way they were marked," amounted to an expression or intimation of an opinion that the hogs were marked when taken. The defendants were charged with the larceny of two hogs, alleged to have been "marked under bit and upper bit in one ear and under square in the other." It was testified on the part of the State that certain hogs caught in a swamp by the defendants were the hogs alleged to have been stolen; and there was a direct issue between the State and the

accused as to whether the hogs were marked at the time they were caught, the State insisting that the marks were changed by the defendants after the hogs had been taken, and the defendants contending that the hogs, at the time the defendants captured them, were not marked in any way. Evidence was offered by both the State and the defendants on this issue. The trial judge, when he charged the jury to "look to all the circumstances of the case, the way they were marked," violated the rule laid down in this section of the code, by thus expressing an opinion that the hogs were marked. As this law is mandatory, and has been one of the bulwarks of jury trial for more than a generation, jealously guarded and upheld by our people, we are not permitted to hold that this particular excerpt from the charge should be treated as harmless error. This is the only error we have been able to find in the instructions and rulings complained of in the motion for a new trial, and the judgment overruling the motion is reversed for this reason alone. See *Davis* v. *State,* 91 *Ga.* 167; *Holzendorff* v. *De-Renne,* 129 *Ga.* 226.                    *Judgment reversed.*