## 11027.  Danzley *v.* The State.

Luke, J.  1. The court did not err in denying the application for a continuance, which was based on the absence of a witness who had not been subpoenaed and who was not shown to reside within the jurisdiction of the court, but who, according to the best information obtainable by the sheriff in seeking  to serve the subpoena, had left this State and enlisted in the United States Navy. Park's Penal Code, § 987.

2. A ground of a motion for a new trial complaining as to the admissibility of certain evidence, but failing to set out the evidence as a part of the ground or to annex it as an exhibit to the motion, presents no question for decision. See Park's Penal Code, § 1086, and annotations under the catchwords "Assignment of error." The second ground of the amendment to the motion for a new trial comes within this rule.

3. Where a proper instruction is duly requested in writing and is refused, but the judge, in his own words, gives in full to the jury the substance of the requested charge, the refusal affords no cause for a new trial.` See Park's Penal Code, § 1087, and annotations (pp. 747, 749) under catchwords, " General charge," and " Requests." The 3d, 4th, and 15th grounds of the amendment to the motion for a new trial in this case come within this rule.

4. The law of reasonable doubt, as defined by section 1013 of the Penal Code (1910), is applicable to every criminal case, whether dependent upon positive or circumstantial evidence; and the mere giving of this principle in charge to the jury can never of itself alone necessitate an instruction upon the weight of circumstantial evidence. *Smith* v. *State,* 125 *Ga.* 296 (54 S. E. 127). The 5th ground of the amendment to the motion for a new trial is therefore without merit.

5. The court instructed the jury that they were judges of the law and of the facts in the case, and that they should take the law as given them in charge and ascertain the facts from the testimony of the witnesses and from the statement of the defendant. There is no merit in the complaint that the court did not further instruct the jury to apply " the one to the other " and make their verdict accordingly.

6. The charge complained of touching the weight to be given the testimony of an accomplice was full and fair, and was in accord with section 1017 of the Penal Code of 1910.

7. The defendant introduced no witness.  There was conflict in the testimony of two witnesses introduced by the State.  The court gave

in charge the usual rule touching conflicts in the testimony. Complaint is made that this rule was inapplicable, because the sole conflict in the testimony was between two witnesses for the State. *Held*: The rule was as applicable as if one of the witnesses had been sworn and introduced by the State and the other by the accused. *Skipper* v. *State*, 59 *Ga.* 63 (3); *Sessions* v. *State*, 6 *Ga. App.* 336 (2) (64 *S. E.* 1101).

8. The charge on conspiracy (complained of in ground 9) is not subject to the criticism that it held this defendant responsible for a conspiracy solely between the other two defendants who were jointly indicted, but not tried, with him.

9. Where a conspiracy to commit the offense charged in the indictment is shown, between two or more jointly indicted defendants, the act of each conspirator in furtherance of the common purpose becomes the act of all, rendering each defendant as fully responsible therefor as if he had done the act himself. *Reeves* v. *State*, 135 *Ga.* 311 (1) (69 S. E. 536. The charge complained of in ground 10 was, therefore, not subject to the criticism made.

10. Where a ground of a motion for a new trial contains a lengthy excerpt from the charge of the court, of which at least a part is abstractly correct, and the only assignment of error is: "Movant contends that this is error because it is not a correct statement of the law," it affords no cause for a new trial. *Cobb* v. *State*, 76 *Ga.* 664 (1); *Miller* v. *State*, 121 *Ga.* 135 (2) (48 S. E. 904); *Graham* v. *State*, 125 *Ga.* 48 (3) (53 S. E. 816). The 11th and 12th grounds of the amendment to the motion for a new trial come within this rule.

11. Where two or more thieves conspire to steal an automobile, the fact that the conspiracy is formed in one county and the larceny committed in another does not lessen the responsibility of a conspirator who remains in the first county while the larceny instigated by him is being committed in the other. Penal Code (1910), § 45; *Pinkard* v. *State*, 30 *Ga.* 757 (4); *Duckett* v. *State*, 93 *Ga.* 415 (1) (21 S. E. 73). The court therefore did not err in charging as complained of in ground 13.

12. Where the uncontradicted evidence showed that the three indicted defendants carried the stolen automobile to the home of a fourth person, who on learning of the larceny advised them to take the machine back to its owner at once, but finally consented for them to leave it at his home, and promptly notified the sheriff of all these facts, and then testified as a State's witness at the trial of those so indicted, the evidence neither required nor authorized an instruction to the jury upon the question as to whether or not the fourth person was an accomplice. Penal Code (1910), § 47. Ground 14 is therefore without merit.

13. The evidence authorized the verdict, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED APRIL 13, 1920.

Indictment for larceny of automobile; from Crisp superior court — Judge Gower.   September 26, 1919.

*James H. Dodgen, Jere M. Moore,* for plaintiff in error.

*J. B. Wall, solicitor-general, Jesse Grantham,* contra.