## JACKSON *v.* THE STATE.

One who in Barrow county procures an agent to go to Hall county and there to buy and bring back whisky is guilty of having, possessing, and controlling the whisky in Gwinnett county, wherein the agent is intercepted and arrested with the whisky on his return journey; and the procurer can be prosecuted in Gwinnett county.

No. 3351. NOVEMBER 17, 1922.

Question certified by Court of Appeals (Case No. 13653).

*Richard B. Russell* and *G. A. Johns,* for plaintiff in error.

*W. O. Dean, solicitor-general,* contra.

FISH, C. J. The Court of Appeals certified to this court the following question: "Where A in Barrow county furnishes B with an automobile and money, and instructs B to go to a certain point in Hall county and there purchase for him (A) a large amount of whisky and to bring the whisky back in the automobile to him (A) in Barrow county, and where in pursuance of such instruction B goes in the automobile and purchases the whisky for A in Hall county, and on the return trip to Barrow county and while passing through Gwinnett county B is intercepted and arrested with the whisky in Gwinnett county, is A guilty of having, possessing, and controlling the whisky, and can he be prosecuted therefor in Gwinnett county?"

"An accessory is one who is not the chief actor in the offense, nor present at its performance, but is in some way concerned therein, either before or after the act committed." Penal Code, § 44. "An accessory before the fact is one who, being absent at the time of the crime committed, doth yet procure, counsel, or command another to commit a crime." Penal Code, § 45. "The rule of the common law that in misdemeanors there are no accessories before the fact, but that all who would be such in felonies are principals in misdemeanors, is still of force in Georgia." *Kinnebrew v. State,* 80 *Ga.* 232 (5 S. E. 56); *Parmer v. State,* 91 *Ga.* 152 (16 S. E. 937); *Slaughter v. State,* 113 *Ga.* 284 (38 S. E. 854, 84 Am. St. R. 242).

To have, control, or possess contraband liquor in this State is a misdemeanor. Acts Ex. Sess. 1917, p. 8. And all who may be concerned in the commission of such offense are principals. Cases above cited. Accordingly, the person designated as "A" by the Court of Appeals, in the circumstances stated in the question propounded, committed the offense of having, possessing, or controlling the prohibited liquor in the county of Gwinnett, and was there subject to indictment. See *Carter v. State,* 143 *Ga.* 632 (3) (85 S. E. 884), and cases cited.  *All the Justices concur.*