29778. CANADY *v.* THE STATE.

MACINTYRE, J. The accusation charged Canady, alone, with the possession of non-tax-paid liquor. The evidence for the State showed that the defendant was in an automobile with Warren, his father-in-law, and they were being pursued by the officers in another automobile; that the defendant was driving the car and Warren was seen by the officers

to break three bottles of whisky before the officers could force them to stop their automobile. An officer testified for the State that the automobile belonged to the defendant. The defendant in his statement to the jury said: "I am not guilty of this hauling whisky. Mr. Warren was riding with me, and had this is his pocket. It was his. I had nothing to do with it." The judge charged the jury: "Gentlemen, these two parties were in the car, and there was an understanding that this was the defendant's car, and his father-in-law was riding with him, both charged with transporting and possessing liquor." *Held*:

1. The record does not disclose *any admission* by the defendant that there was any understanding between him and Warren, the other occupant of the car. The charge above quoted was an expression by the judge of an opinion of what had been proved.

2. Certain rebuttable presumptions would arise if the car "was the defendant's car."

3. To assume that the car in question was the defendant's car, and to so instruct the jury when no such admission had been made, was reversible error. *Cooper* v. *State*, 2 *Ga. App.* 730 (59 S. E. 20).

4. When the judge in his charge expresses his opinion as to what has or has not been proved, he violates Code § 81-1104; and under the mandatory provision of this section we are required to reverse the judgment denying a new trial. *Alabama Great Southern Railroad Co.* v. *McBryar*, 67 *Ga. App.* 509, 514 (21 S. E. 2d, 173).

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*

DECIDED JANUARY 12, 1943.

*W. G. Neville,* for plaintiff in error.
*B. H. Ramsey,* solicitor, contra.