39475. GRAHAM v. MALONE *et al.*

DECIDED MAY 8, 1962.

*Poole, Pearce & Hall, William F. Lozier,* for plaintiff in error.
*T. J. Long, Ben Weinberg, Jr.,* contra.

FELTON, Chief Judge. ■ The general grounds of the plaintiff in error's motion for a new trial are without merit and were properly overruled.

■ Special ground No. 1 is meritorious and the court erred in overruling it. *Code* § 81-1104 provides: "It is error for any judge of a superior court, in any case, whether civil or criminal or in equity, during its progress, or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved, or as to the guilt of the accused; and should any judge of said court violate the provisions of this section, such violation shall be held by the Supreme Court or Court of Appeals to be error, and the decision in such case reversed, and a new trial granted in the court below, with such directions as the said Supreme Court or Court of Appeals may lawfully give." The excerpts from the charge, which are quoted above, indicate that the court attempted to withdraw from the consideration of the jury one of the allegations of the defendants' negligence, namely: that the defendants' agent did not apply his brakes in time to avoid running into the automobile driven by the plaintiff. This was a clear expression of an opinion upon the meaning and weight of the evidence. It determines judicially a question of fact which should have been left to the jury. Whether the statement of the defendants' agent meant that there was grease on his foot or on the brake *pedal* or on

the brake *lining* was a jury question at least. The circumstances do not present a situation where circumstantial evidence points with equal consistency to two opposing theories in which event nothing would be proved as to the issue involved. The statement meant only one thing and what that was was a jury question. This court has no discretion in this matter, but is bound to reverse the judgment, in case of such error. *Headman v. Rose*, 63 Ga. 458, 466. It has been held that whether the expression or intimation of an opinion was supported by the evidence or not, and whether in fact it was injurious to the party or not; and even though it was wholly unintended, and though the verdict be what it ought to be, so that substantial justice has been done, the result is the same. "The only question for us to consider is, did the judge express or intimate an opinion, as to what had or had not been proved. If so, a new trial must be granted." *Phillips v. Williams*, 39 Ga. 597, 603; *Bohler v. Owens*, 60 Ga. 185, 186 (3); *Sanders v. Nicholson*, 101 Ga. 739 (3) (28 SE 976); *Bland v. State*, 211 Ga. 178, 183 (84 SE2d 369). What is said above covers the second ground of the amended motion.

Although the plaintiff obtained a verdict and a judgment in her favor, under the authorities cited in division 2, supra, a new trial must be granted, since it has been determined that the judge expressed an opinion in his charge as to what had or had not been proved, in violation of the provisions of *Code* § 81-1104.

The court erred in overruling the motion for a new trial.

*Judgment reversed. Bell and Hall, JJ., concur.*