40543.   McFARLAND v. THE STATE.

DECIDED APRIL 13, 1964—REHEARING DENIED MAY 8, 1964.

*Charles R. Adams, Jr., Twitty & Twitty, Frank S. Twitty,* for plaintiff in error.

*Bob Humphreys, Solicitor General, Marcus B. Calhoun, Solicitor General pro tem.,* contra.

RUSSELL, Judge.   ■   The State introduced in evidence a cer-

tified copy of the Federal Internal Revenue Form 11C, filed by the defendant with the U. S. Treasury Department and titled "Special Tax Return and Application for Registry-Wagering," showing that his place of business was in Lowndes County and answering in the affirmative the question: "Are you engaged in the business of accepting wagers on your own account?" It is contended that the trial court should have charged, even without request, that this statement did not constitute an admission by the defendant of his guilt of the offense charged in the indictment. The court did charge in relation to the return that every person engaging in the business of receiving wagers must, under Federal law, purchase a special tax stamp and this is not evidence that a person is engaged in such business or that the holder after obtaining the stamp did accept wagers. Elaborations on principles of general law must always be requested for the failure to charge to be error. *Jones v. State,* 70 Ga. App. 431, 446 (28 SE2d 373). In *Ellis v. State,* 72 Ga. App. 469, 472 (34 SE2d 171) complaint was made on the trial of a murder indictment that the court did not charge without request, as to certain letters admitted in evidence, that they were not evidence of the commission of the crime charged. Failure to so charge in the absence of request was held not error. The effect of the admission of evidence, whether oral or documentary, should usually be made the subject of an objection or of a request to charge where it is desired that it be restricted to a special purpose.

■ The remaining special grounds assign error on a portion of the charge including the statement, "I charge you that the mere fact as shown to you that a lottery was operated in Thomas County, Georgia, is not within itself to impute any guilt upon the part of the defendant." Of the reasons urged, one which merits serious consideration, is that this constitutes an expression of opinion by the trial court which is forbidden under *Code* § 81-1104, which statute makes it error for the judge to express or intimate his opinion as to what has or has not been proved, or as to the guilt of the accused, in any case, civil or criminal, and makes it mandatory for this court to reverse any case in which the trial judge has violated the provisions of that section. In civil cases, however, it is firmly established that if there is no

■

conflict in the evidence on a certain point the trial court may take the fact to have been admitted or proved as the case may be. See *Georgia R. &c. Co. v. Cole*, 1 Ga. App. 33 (1) (57 SE 1026). In criminal cases there is some contrariety of opinion. In *Southern Exp. Co. v. State*, 1 Ga. App. 700 (58 SE 67) the court held: "To assume in a criminal case that the testimony for the State is the truth, though such testimony be not contradicted by evidence for the defendant, and to charge the jury that such testimony is the truth and that there is no contention to the contrary, is violative of [*Code* § 81-1104] and demands a new trial. The plea of not guilty, filed by the defendant, is a contention on his part as to every material and essential fact necessary to establish his guilt, and implies a denial of every such fact." Other cases holding a statement by the trial court to be error do not seem to go quite so far, although this case is well within the spirit of *Code* § 81-1104. Where the fact is issuable from either contested evidence or contrary inferences which may be made from undisputed evidence or from the defendant's unsworn statement, it is always error. See *Demonia v. State*, 69 Ga. App. 862 (27 SE2d 101); *Coleman v. State*, 211 Ga. 704 (5) (88 SE2d 381); *Henderson v. State*, 14 Ga. App. 672 (82 SE 61); *Suddeth v. State*, 112 Ga. 407 (3) (37 SE 747). And even where the evidence is undisputed (but not admitted) it is error for the trial court to assume it as a fact if it goes to the essential issue of the guilt or innocence of the accused. *Davis v. State*, 91 Ga. 167 (2) (17 SE 292); *Morton v. State*, 190 Ga. 792 (10 SE2d 836); *Canady v. State*, 68 Ga. App. 735 (23 SE2d 870).

In other instances, although it be a criminal case, the assumption of a fact which is not denied except by the general plea of not guilty and which does not go to the essential issue of guilt or innocence, has been held either not error or not harmful. See *Pruitt v. State*, 36 Ga. App. 736 (138 SE 251); *Callahan v. State*, 14 Ga. App. 442 (81 SE 380); *Denmark v. State*, 44 Ga. App. 157 (161 SE 286); *Davis .v. State*, 58 Ga. App. 440 (5) (198 SE 800); *Driggers v. State*, 51 Ga. App. 370 (180 SE 619); *Davis v. State*, 24 Ga. App. 35 (3) (100 SE 50); *Abbott v. State*, 91 Ga. App. 380 (3) (85 SE2d 615); *Farmer v. State*, 94 Ga. App. 475 (5) (95 SE2d 321).

It might be that all of these cases of the Court of Appeals are questionable in not following *Southern Exp. Co. v. State,* 1 Ga. App. 700, supra, but we are constrained to a contrary conclusion by the single case of *Miller v. State,* 151 Ga. 710 (7) (108 SE 38) where (although with a dissent) it was held not error for the trial court to state in a murder case the undisputed facts that the defendant did hold a pistol, that the pistol did point toward the deceased, and did in fact fire and bullets from it did in fact kill the deceased. The court held: "Under a fair construction of all of the evidence and the prisoner's statement, we think these facts are undisputed, and therefore the statement of them by the court was not error."

In the present case the court specifically charged that the mere fact that a lottery existed would impute no guilt to the defendant. The charge thus, even though assuming that a lottery had been proved to exist by undisputed evidence, which was true, spoke of the fact only to caution the jury that it alone imputed no guilt to him. There was direct evidence that the defendant engaged in lottery in Thomas County, which evidence of course includes the premise that the lottery in which he engaged was in existence. There was other evidence of a general character that a lottery existed which did not go so far as to show participation on the part of the defendant. This was the evidence to which the court obviously referred in cautioning the jury *not* to accept it alone as evidence of guilt. Under the circumstances the instruction does not come within the inhibition of *Code* § 81-1104. Special grounds 2, 3 and 4 are without merit.

■ In a lottery operation, all participants are guilty as principals. *Thomas v. State,* 118 Ga. 774 (2) (45 SE 622). Where a conspiracy to commit an offense is shown, the act of one becomes the act of all in the furtherance of the common purpose. *Reeves v. State,* 135 Ga. 311 (1) (69 SE 536). Where two or more persons collaborate in the operation of a lottery all are guilty as principals, and the fact that the defendant hires another to pick up numbers, pay off the winning tickets, and collect and return the money to him does not militate against his conviction for the offense although he did not in fact enter the county where the lottery was being operated and which was the

county of venue on the trial of the case. Cf. *Jackson v. State,* 154 Ga. 544 (114 SE 811); *Rawlins v. State,* 70 Ga. App. 308 (28 SE2d 350); *Danzley v. State,* 25 Ga. App. 170 (11) (102 SE 915). Evidence that a lottery was in operation in Thomas County and testimony of a witness that he worked for the defendant in the operation of the lottery there by picking up numbers, paying off winners, and bringing the ticket money to the defendant in Lowndes County, corroborated by testimony of another witness who, although she did not know the defendant, turned over ticket money to the first witness, was sufficient to authorize a verdict of guilty. The general grounds of the motion for a new trial are without merit.

The trial court did not err in overruling the motion for new trial. *Judgment affirmed. Nichols, P. J., and Hall, J., concur.*