## 47977. GREEN v. THE STATE.

DEEN, Judge. 1. "Where the second conviction changes the grade of the offense, or authorizes a higher penalty than could otherwise have been imposed, the former conviction enters as an element into the new offense, and must be alleged as a necessary part of the description and character of the crime intended to be punished." *McWhorter v. State,* 118 Ga. 55, 56 (44 SE 873) cited in *Tribble v. State,* 168 Ga. 699 (3) (148 SE 593). And see to the same effect *Landers v. Smith,* 226 Ga. 274 (3) (174 SE2d 427); *Studdard v. State,* 225 Ga. 410 (1) (169 SE2d 327).

The defendant here was convicted of selling heroin in violation of the uniform Narcotic Drug Act (Code Ann. § 79A-9911), which provides in part that "for conviction of a third or subsequent offense . . . relating to narcotic drugs or marijuana, the offender shall be punished by a fine of not more than $5,000 and by imprisonment in the penitentiary for not less than 10 nor more than 20 years." The sentence for a first offense under this Act is two to five years, and for the second it is five to ten years. Accordingly, under the decision in *Tribble,* supra, (limiting the original statement in *McWhorter*) and subsequent cases, the

prior offenses must be alleged in the indictment. *Tribble* specifically dealt with the offense of larceny of an automobile where under the statute the length of punishment for a second offense was, or could be, greater than for a first offense, and it was therefore held to be different in kind as a matter of law. This being the case, and the punishment for a third offense under Code Ann. § 79A-9911 being greater in length, and therefore different from a first or second offense, the former convictions were properly included in the indictment.

Discussion of the defendant's contention that Code § 27-2511 was impliedly repealed by Code Ann. § 27-2534 is accordingly not necessary to a decision in this case. The motion to quash the indictment on the ground that it showed the commission of previous narcotics offenses was properly denied.

2. The court charged the jury: "Certain persons or classes of persons, such as physicians, pharmacies and the like, are authorized to sell narcotics. I charge you, however, that an individual such as the defendant on trial is not authorized to sell heroin or any other narcotic drug." While the trial court may not express an opinion as to what has been proved in the case (Code § 81-1104), where only one inference is possible from the evidence it is not improper for the court to assume the fact to be true. *Morton v. State,* 190 Ga. 792, 801 (10 SE2d 836). The general rule is that the selling of narcotics is a criminal offense, the exception being as to certain professionals who are licensed to handle and sell them. The defendant made no contention that he was in this class and the evidence demanded a finding that he was not. The instruction was accordingly not error on the ground that it was an expression of opinion on the part of the court.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

Submitted March 5, 1973 — Decided April 3, 1973 — Rehearing denied May 2, 1973.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, James H. Mobley, Jr., Morris H. Rosenberg, David D. Rawlins,* for appellee.