## 52394. CRAWFORD v. THE STATE.

CLARK, Judge.

This is an appeal from a judgment of conviction entered upon a verdict finding defendant below guilty of robbery by intimidation.

1. Appellant contends the trial court erred in denying his motion for a directed verdict of acquittal. This contention is without merit. The evidence did not demand a verdict of acquittal as a matter of law. *Merino v. State,* 230 Ga. 604 (198 SE2d 311).

2. Appellant contends that his right to have his guilt or innocence determined by an impartial jury was

infringed by the trial court's expression with regard to certain testimony elicited during cross examination by the district attorney of a witness alleged to have been defendant's accomplice who was testifying in behalf of the accused. Initially, the trial judge overruled a mistrial motion. Subsequently (seventeen pages later in the trial transcript) the trial judge acknowledged he had erred in making his comment and instructed the jurors to disregard his statement.

Code § 81-1104 provides: "It is error for any judge of a superior court, in any case, whether civil or criminal or in equity, during its progress, or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved, or as to the guilt of the accused; and should any judge of said court violate the provisions of this section, such violation shall be held by the Supreme Court or Court of Appeals to be error, and the decision in such case reversed, and a new trial granted in the court below, with such directions as the said Supreme Court or Court of Appeals may lawfully give." It is error to violate even the spirit of this section. *Taylor v. State,* 2 Ga. App. 723 (3) (59 SE 12). And a violation thereof is a mandatory cause for a new trial. *Henderson v. State,* 14 Ga. App. 672 (82 SE 61); *Canady v. State,* 68 Ga. App. 735 (23 SE2d 870); *Graham v. Malone,* 105 Ga. App. 863 (126 SE2d 272). Compare Code § 81-1009.

Relying upon *Morgan v. State,* 229 Ga. 532 (192 SE2d 338), the state contends that the court's expression of opinion should be deemed harmless. In *Morgan,* an intimation of opinion by the trial judge was ruled harmless without citation of authority, because the judge instructed the jury as to its duty to determine the credibility of witnesses. In the light of the cited Code section we do not regard that single decision as controlling. See *Ashbaugh v. Trotter,* 237 Ga. 46 (226 SE2d 736). Although the "full bench rule" was abolished by our Supreme Court in *Hall v. Hopper,* 234 Ga. 625 (3) (216 SE2d 839) that tribunal also recognized therein at page 631 that "Stability and certainty in law are desirable; stare decisis is a valid and compelling basis of argument." The language of that case at page 631 is particularly applicable to the instant appeal: "When a majority of

this court determines that stability must give way to justice to the prisoner, then justice prevails." This is in accord with the views expressed by Justice Conley Ingram in *Grace v. State,* 231 Ga. 113, 128 (200 SE2d 248) that "The rights of the best among us are in jeopardy if we fail to protect the rights of the worst among us."

Our courts have consistently ruled that an expression of opinion by the court with regard to what had or had not been proved cannot be deemed harmless. *Alexander v. State,* 114 Ga. 266 (40 SE 231); *Mitchell v. State,* 89 Ga. App. 80, 85 (78 SE2d 563); *Graham v. Malone,* supra. "It makes no difference that the judge instructed the jury that what passed between himself and the witness. . . was not to be considered by them. They heard his words, and no man could dare say they were not thereby influenced to some extent, at least." *Alexander v. State,* supra; *Garner v. Young,* 214 Ga. 109 (103 SE2d 302).

The effort by the trial judge to eradicate the effect of his acknowledged erroneous expressions cannot be treated as sufficient. These words by the late Chief Justice Russell are directly in point: "You may draw the nail from the plank, but the hole in the plank still remains. Jurors, like other human beings, are unconsciously too much affected by strong mental impressions for these impressions to be nicely segregated from the mass of evidence by a mere direction that these impressions are to be obliterated, though they be told, even by the judge, that the object which created those impressions has been removed and is now out of their sight." *Campbell v. State,* 155 Ga. 127, 132 (116 SE 807).

In *Taylor v. State,* 2 Ga. App. 723, 729, supra, our first Chief Judge, Benjamin H. Hill, wrote: "The purpose of the legal inhibition against the expression or intimation of opinion by the judge is to protect a defendant in his weakness, as well as in his strength, and to preserve inviolate the priceless right of trial by jury. The province of the jury as the exclusive arbiters of facts is holy ground, not to be approached by the judge even with bare feet and uncovered head. The judge should sit on the bench the calm and impartial incarnation of law, as silent as the Sphinx on contested questions of fact."

3. During the cross examination of Griggs, the prosecutor insinuated that the witness remained silent about defendant's innocence until the trial and that the witness' testimony was a recent fabrication. To rehabilitate the witness, the defense attempted to introduce evidence of previous consistent statements which were made more than two months before the trial. Upon objection, the court ruled the proffered evidence inadmissible. Defendant contends the evidence of previous consistent statements was improperly excluded.

Ordinarily, prior extrajudicial statements consistent with a witness' testimony are inadmissible. *Atlanta K. & N. R. Co. v. Strickland,* 116 Ga. 439 (2) (42 SE 864); *Cook v. State,* 124 Ga. 653 (53 SE 104). But where counsel imputes to the witness an intent to fabricate from some motive, interest or relationship, it may be shown that the witness made a consistent statement at a time when the motive or interest did not exist. *McCord v. State,* 83 Ga. 521 (1) (10 SE 437); *Sweeney v. Sweeney,* 121 Ga. 293 (48 SE 984); Anno., 140 ALR 21, 85.

Griggs was charged with misrepresenting the truth because of his relationship to the defendant. If the proffered consistent statements had been made before the relationship existed, they would have been admissible. But such was not the case. Accordingly, the trial court did not err in excluding the prior consistent statements of the witness.

4. For the reasons expressed in Division 2, the judgment is reversed.

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*

ARGUED JULY 12, 1976 — DECIDED JULY 16, 1976.

*Moore & Worthington, Samuel W. Worthington, III,* for appellant.

*E. Mullins Whisnant, District Attorney, Douglas C. Pullen, Lovick Anthony, Assistant District Attorneys,* for appellee.