## 64899. FANNIN v. THE STATE.

DEEN, Presiding Judge.

Cecil Fannin was indicted for murder, convicted of voluntary manslaughter and appeals following the denial of his motion for a new trial contending that the trial court erred in failing to give his timely written request for a charge on defense of habitation. *Held:*

The evidence showed that the deceased, Emory "Slim" Gordon, appeared at the door of the defendant's home in a drunken state (blood alcohol .27) and demanded that he be permitted to enter because he wanted to see his aunt, Ruby Jackson, the defendant's wife. Fannin refused because Ruby was sleeping and told Gordon to leave. Gordon then pointed to a knife he was carrying in a hip pocket and said, "You fool with me, I'll give you some of this." Faced with this type of coercion, the defendant admitted Gordon to his home, but repeatedly requested him to leave. Gordon went into his nephew's bedroom and picked up a bunkbed ladder and threatened to kill the defendant after being requested to leave and to return at a later time. The defendant went into Ruby's room, woke her up, told her that Gordon wanted to see her and placed a pistol in his pocket. Gordon again confronted the defendant with the ladder and threatened to cut him. The defendant testified that he believed that the victim had a knife in his hand. There were no eyewitnesses to the shooting, but the knife was later found in the victim's hip pocket. The trial court granted his request to charge on self-defense, but refused to give his charge on defense of habitation.

Code Ann. § 26-903 provides: "A person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to prevent or terminate such other's unlawful entry into or attack upon

a habitation; however, he is justified in the use of force which is intended or likely to cause death or great bodily harm only if: (1) The entry is made or attempted in a violent and tumultuous manner and he reasonably believes that the entry is attempted or made for the purpose of assaulting or offering personal violence; or (2) He reasonably believes that the entry is made or attempted for the purpose of committing a felony therein and that such force is necessary to prevent the commission of a felony."

The evidence in the present case clearly shows that the deceased used coercion and threats to gain entry into the defendant's home. The defendant's stepchildren both testified that they heard him repeatedly request Gordon to leave and that Gordon threatened him. "If an affirmative defense is raised by the evidence, including the defendants' own statements, the trial court must present the affirmative defense to the jury as part of the case in its charge, even absent a request. The affirmative defense, however, need not be specifically charged if the case as a whole is fairly presented to the jury." *Booker v. State,* 247 Ga. 74 (274 SE2d 334) (1981). Here, the jury was only presented with the narrower affirmative defense of self-defense and was unaware of the defense of defense of habitation which is clearly revealed by the evidence. Accordingly, it was error for the trial court to fail to give this timely requested charge.

*Judgment reversed. Shulman, C. J., Quillian, P. J., Carley and Sognier, JJ., concur. McMurray, P. J., Banke, Birdsong and Pope, JJ., dissent.*

DECIDED JANUARY 4, 1983.

*Walter J. Lane, Jr.,* for appellant.

*Willis B. Sparks III, District Attorney, Virgil Adams, Thomas J. Matthews, Assistant District Attorneys,* for appellee.

POPE, Judge, dissenting.

I respectfully dissent. I believe the trial court correctly refused to give the requested charge on defense of habitation. Although the record clearly shows that the decedent entered into and remained within defendant's home against defendant's expressed wishes, the record also just as clearly shows, in every specific reference to the shooting, that defendant shot the decedent because he thought the decedent was about to kill or seriously harm him. This raises the defense of self-defense, not defense of habitation. The trial court charged the jury on self-defense and I would hold this adequate under the evidence of the case. I would therefore affirm the judgment.

I am authorized to state that Presiding Judge McMurray, Judge Banke and Judge Birdsong join in this dissent.