## 66189. DEAN v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted of the offense of burglary. His motion for new trial was thereafter filed, heard and denied. Defendant appeals. *Held:*

1. Defendant's first enumeration of error contends the trial court erred in denying his motion for new trial (general grounds only).

His argument with reference thereto is one sentence in that the trial court erred "in overruling and denying his motion for new trial for each of the reasons assigned in this appeal; and, for the further reason that the competent evidence of probative value is not sufficient to support the verdict and judgment." We deem this a mere restatement of the enumeration of error. A restatement of the legal contentions is not argument which will supply the reasons why this court should consider the contention of the party. "[E]xcept in the most unusual of analytic circumstances a legal contention will not prove itself." *Wilkie v. State,* 153 Ga. App. 609, 610 (1) (266 SE2d 289). Accordingly, this contention is deemed to be waived. See *Haskins v. Jones,* 142 Ga. App. 153 (235 SE2d 630). The failure to properly argue the enumerations of error properly constitutes an abandonment. See *McCollum Mfg. Co. v. Dept. of Transp.,* 135 Ga. App. 815 (218 SE2d 926). The burden is on the defendant in asserting error to show it affirmatively by the record and this has not been done here. See *Bland v. State,* 210 Ga. 100 (1) (78 SE2d 51); *Roach v. State,* 221 Ga. 783, 786 (4) (147 SE2d 299). However, our review of the trial transcript and record convinces us that a rational trier of fact (the jury in the case sub judice) in considering the evidence adduced at trial could reasonably have found the defendant guilty beyond a reasonable doubt of the offense of burglary. This enumeration is not meritorious. *Moore v. State,* 240 Ga. 807, 811 (II (1)) (243 SE2d 1); *Green v. State,* 249 Ga. 369, 370 (1) (290 SE2d 466); *Conyers v. State,* 249 Ga. 438, 440 (1) (291 SE2d 709).

2. In enumeration of error No. 2 the defendant contends that the trial court erred in allowing in evidence, over defense objection, a state's exhibit with reference to a waiver of rights purportedly signed by the defendant because same was not furnished to the defendant and his attorney more than ten days prior thereto, notwithstanding his written demand for same. There is no merit in this complaint. This exhibit was not admitted in evidence. Further it was not a scientific report with reference to OCGA § 17-7-211 (formerly Code Ann. § 27-1303 (Ga. L. 1980, p. 1388)), and the jury was not apprised of the defendant's waiver of rights with reference to the written statement he had executed, copy of which had not been given to defense counsel in accordance with his request. See OCGA § 17-7-210 (formerly Code Ann. § 27-1302 (Ga. L. 1980, p. 1388)). A Jackson v. Denno (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) type hearing was held with reference to the written statement and with reference to the Miranda (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)) warnings (the defendant's right to remain silent and that anything he says could be and will be used against him in a court of law; his right to talk to a lawyer and have him present

with him while he is being questioned, and if he cannot afford to hire a lawyer one will be appointed to represent him before answering any question if he so desired; and defendant can decide at any time to exercise these rights and not answer any questions or make any statements). After being given the Miranda warnings the defendant was asked if he wished to talk to the police officers with reference to the burglary. The defendant then advised that he understood his rights and he did wish to tell them about it, the defendant not being under the influence of alcohol or drugs at that time. The instrument in question here allegedly signed by defendant was a waiver of those rights. Yet, the Jackson v. Denno hearing discloses that his rights were clearly read to him before he made any statement to the police officers. Accordingly, we do not find any error committed in that defendant was not given a copy of the written waiver nor was there reversible error shown under OCGA § 17-7-210 (Code Ann. § 27-1302), supra, with reference to the written waiver which was not used in evidence. The cases of *Asbell v. State,* 163 Ga. App. 514 (1) (295 SE2d 182), and *Jackson v. State,* 158 Ga. App. 530 (1) (281 SE2d 252), do not support defendant's claim of error in failing to give him a copy of the written waiver at the time a copy of his written statement was given to defense counsel. We find nothing in the waiver statement to be within the purview of OCGA § 17-7-210 (Code Ann. § 27-1302), supra. We find no merit in this complaint.

Further, the court did not err in allowing defendant's written incriminating statement in evidence over the objection made, and enumeration of error number 3 is not meritorious.

3. Following the Jackson v. Denno hearing with reference to the written statement signed by the defendant (although written in the verbiage of the police officer as a statement made to him by the defendant) the court ruled that the police officer complied with all constitutional and statutory rights in obtaining the statement from the defendant and allowed the jury to hear the evidence with reference to the statement obtained from the defendant. The court then ruled in the presence of the jury: "It appears to the Court that, from a legal standpoint, the Officer did comply with the constitution and the statute in advising [defendant] of those notices required by law or warnings required by law. It is a question of fact for the jury to determine along with your other deliberations as to whether or not the warnings were knowingly, and voluntarily, and freely waived or not. That will be a jury question which you must decide later, ladies and gentlemen." At that time counsel moved for mistrial contending the court's instruction was tantamount to an expression of opinion by the court as to a material fact in issue before the jury that ultimately should have been decided by the jury. Whereupon, the court then

further stated: "As I understand the law on this subject matter, it is a mixed question of law and fact. I am stating as a matter of law and I'm ruling only as a matter of law that the warnings were given. Then it becomes a question of fact for the jury to say whether they were adequately given, freely given, knowingly waived, and voluntarily . . . from a legal standpoint [whether] what was done was adequate as far as the constitutional and statutory warnings having been given," and denied the motion for mistrial. The court then further instructed the jury that it was not commenting on the evidence but only on a point of law which the court understood it was required to do and was not expressing an opinion as to the facts of the case. Further, "[t]hat belongs exclusively to you — every point of fact." Thereafter, under Georgia law, the jury again rules upon the same issues. See *Rose v. State,* 249 Ga. 628, 630 (2) (292 SE2d 678); *Crawford v. State,* 245 Ga. 89, 90 (2) (263 SE2d 131). The question here is whether the court in ruling upon the issue of whether or not the defendant's constitutional and statutory rights were given him prior to his statement, in the presence of the jury, erred in advising the jury that the officer did comply with the constitution and the statute with reference to notices required by law or warnings required by law and thus expressed an opinion as to the evidence with reference to voluntariness in violation of OCGA § 17-8-55 (formerly Code § 81-1104). See also *Stinson v. State,* 151 Ga. App. 533, 537 (260 SE2d 407); *Ford v. State,* 2 Ga. App. 834 (59 SE 88); *Crawford v. State,* 139 Ga. App. 347, 348 (2) (228 SE2d 371). In the *Stinson* case the court's repeating a certain line of questioning was held to establish an inference from which the jury could assume that the judge's thoughts were expressed to the jury with reference to the crime or that he condoned certain conduct, citing *Crawford v. State,* 139 Ga. App. 347 (2), supra.

Code § 81-1104, in effect at the time of defendant's trial (now OCGA § 17-8-55, effective November 1, 1982) provides: "It is error for any judge of a superior court, in any case, whether civil or criminal or in equity, during its progress, or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved, or as to the guilt of the accused, and should any judge of said court violate the provisions of this section, such violation shall be held by the Supreme Court or Court of Appeals to be error, and the decision in such case reversed, and a new trial granted in the court below, with such directions as the said Supreme Court or Court of Appeals may lawfully give." It is error to violate even the spirit of this section. *Crawford v. State,* 139 Ga. App. 347, 348 (2), supra; *Taylor v. State,* 2 Ga. App. 723 (3), 729-730 (59 SE 12). Consequently, a violation is a mandatory cause for a new trial. *Henderson v. State,* 14 Ga. App. 672 (82 SE 61); *Canady v. State,* 68 Ga. App. 735 (23 SE2d 870); *Graham v.*

*Malone,* 105 Ga. App. 863 (126 SE2d 272).

Here, the trial court's instructions to the jury were in effect an opinion as to what had been proven. The court incorrectly assumed that the jury should be apprised of the court's findings in the first step of determining voluntariness (to be completed outside the presence of the jury). Consequently, the court erred in apprising the jury of the court's prior determination in step one of this two-step proceeding required by Jackson v. Denno, 378 U. S. 368, supra. It is ultimately a question of fact for the jury, in step two, to decide and the court's ruling (made known to the jury) that the officer had complied with the constitution and the statute not only boosted this witness' credibility but also invaded the province of the jury. In determining the voluntariness of a confession or an incriminating statement the jury ultimately decides credibility questions and whether it wants to believe a particular witness. As such, the trial court violated OCGA § 17-8-55 (formerly Code § 81-1104), supra, which prohibits a judge of the superior court from expressing or intimating his opinion as to what has or has not been proven during the trial of the case. See in this connection *Ferry v. State,* 161 Ga. App. 795, 798 (2) (287 SE2d 732); *Taylor v. State,* 2 Ga. App. 723 (3), 728-730, supra; *Crawford v. State,* 139 Ga. App. 347 (2), 349, supra; *Henderson v. State,* 14 Ga. App. 672, supra. Such an expression of opinion in the case sub judice cannot be deemed harmless. This enumeration of error is meritorious requiring a new trial.

4. The remaining enumeration of error complains that the trial court erred in failing to instruct the jury as to the lesser included offense of theft by taking. First of all, the evidence is totally insufficient to require a charge on this lesser offense, the defendant having denied he was guilty of the burglary charge and testified he thought the co-defendant worked in the VFW and only learned that the co-defendant was breaking into the VFW "when the law got there," and he only went into the building when the co-defendant called him into the back door. Theft by taking is not an affirmative defense in a burglary trial. See *Gray v. State,* 163 Ga. App. 720 (294 SE2d 697). Further, without a written request it is not error to refuse to charge on a lesser included offense. See *State v. Stonaker,* 236 Ga. 1, 2 (2) (222 SE2d 354); *Brooks v. State,* 143 Ga. App. 523, 524 (2) (239 SE2d 207); *Comer v. State,* 247 Ga. 167 (275 SE2d 309). There was no written request for such a charge, and there is no merit in this complaint.

*Judgment reversed. Shulman, C. J., and Birdsong, J., concur.*

Decided September 27, 1983.

*J. Laddie Boatright,* for appellant.
*W. Glenn Thomas, Jr., District Attorney, Jerry W. Caldwell, Assistant District Attorney,* for appellee.