## 73480. BARTON v. THE STATE.
(352 SE2d 637)

BIRDSONG, Chief Judge.

The defendant, Willie Barton, appeals from his conviction for burglary. On January 15, 1986, Loyd Johnson's home near Alma, Georgia, was burglarized. A .12 gauge Winchester shotgun, a .22 caliber Remington rifle, a 13-inch black and white Zenith TV, and a jewelry box containing approximately $25,000 in cash, were taken. The police investigated and took down the serial numbers. Those numbers were placed on the NCIC network and the computer showed those identifiable items had been sold to a Douglas, Georgia pawn shop the day they were taken.

Harl Burkhalter is the owner of a pawn shop in Douglas, Georgia. On January 15, 1986, the defendant came into his shop and sold him a 13-inch black and white Zenith TV, a .12 gauge Winchester shotgun, and a .22 caliber Remington rifle. Johnson identified those items as the ones taken from his home. The pawn ticket was signed by "Willie Barton" and listed his address as "909 S. Gaskin Ave., Douglas, Ga. Dr lic 567543210." Barton had worked for Johnson in August 1985. But on January 15, 1986, Barton was working for Alfred Southworth. Southworth said that Barton had taken off work at noon and did not return until just before 5 p.m. He paid him for only one-half day's work.

When the police interviewed Barton, he was advised of his *Miranda* rights, and he consented to talk to them. He denied knowing Johnson. He did not commit the burglary. He had never seen the pawn ticket and it was not his signature. He told the officer he had "worked all day" for Southworth on the day of the burglary.

Barton took the stand in his defense and testified that on January 15, Cissro Preston called him at home and asked him to come to his house. He went to Preston's house who asked him to drive Preston to Douglas so he could sell a rifle, a shotgun and a TV to a pawn shop. Preston paid him $25 to take him to Douglas. In the pawn shop, the owner required identification of the seller before he would purchase the items. Preston did not have any identification, so Barton admitted that he signed the pawn ticket and gave his home address and driver's license number. He testified that the address given was his home and the driver's license was his correct number.

The State called an officer in rebuttal who stated that he had gone to the address listed on the pawn ticket and there was no such address. He could find no such driver's license number on file. The State also called Cissro Preston in rebuttal who denied committing the offense but did ride to Douglas with the defendant in his car and he watched Barton sell the items to the pawn shop. The defendant brings this appeal from his conviction. *Held*:

Defendant enumerates but one error. He filed a general *Brady* motion with the State and requested copies of all information in possession of the prosecution that "may be materially favorable to the accused. . . ." This request included copies of "all relevant written or recorded statements, comments or confessions made by Defendant to investigating officers. . . ." Chemical reports and analysis were demanded. A second "Discovery Request" was filed for copies of the indictment, witnesses, statements by the defendant and a "copy of all scientific reports . . . all reports from the Georgia State Crime Laboratory . . . autopsy reports . . . blood tests . . . and all similar type reports. . . ." These were omnibus type requests of a general nature, but no specific request was made for handwriting exemplars.

The State was permitted to introduce, over objection, the signature of the defendant given to the investigating police officer. The signature was not submitted to the Crime Lab for comparison purposes, and no expert testimony was ever introduced as to the similarity of the known and questioned signature.

We have found no prejudicial error. First, the "signature" of the defendant is not a "statement." Secondly, the defendant admitted he signed his signature to the pawn shop receipt. The mere failure of the State to provide the defense with a copy of the signature of the defendant given to police officers, which was not used as a basis for any expert testimony and could have had relevance only to the authenticity of the signature on the pawn ticket, could neither harm nor prejudice a defendant who admitted under oath that he signed his name to the pawn ticket. *Merritt v. State*, 255 Ga. 459 (3) (339 SE2d 594); see also *Dean v. State*, 168 Ga. App. 172 (2) (308 SE2d 434). This enumeration is without merit.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JANUARY 5, 1987.

*Fred R. Kopp*, for appellant.
*Harry D. Dixon, Jr., District Attorney, George E. Barnhill, Assistant District Attorney*, for appellee.