## A07A0678. BRIMIDGE v. THE STATE.
### (651 SE2d 344)

BARNES, Chief Judge.

George Brimidge appeals his conviction for aggravated assault. Brimidge contends (1) the trial court erred by denying Brimidge's request for a jury charge regarding a defense of habitation; (2) the trial court improperly commented on the evidence by telling the jury that the parties agreed that there was no gun involved in the incident; (3) the trial court erred in not giving a jury charge on reckless conduct, a lesser included offense; and (4) he received ineffective assistance of counsel. Because we find that the trial court improperly commented on the evidence, we reverse and remand for a new trial.

The evidence shows that an altercation occurred after Brimidge and the victim went to a party together in May 1997, where both men drank. Brimidge had the victim's gun until the victim asked for it in the car on the way to Brimidge's residence. After the victim entered Brimidge's residence, the altercation intensified, and the victim was stabbed inside Brimidge's residence, later stating he stabbed the victim in self-defense.

1. Brimidge contends the trial court erred by denying his request for a jury charge of defense of habitation. In reviewing the denial of a requested jury charge, we must determine whether the charge

sought was confusing, inappropriate, or not authorized by the evidence, and if it is, the trial court does not err in denying the requested instruction. *Buckalew v. State*, 249 Ga. App. 134, 138 (5) (547 SE2d 355) (2001). The requirements for a defense of habitation are as follows:

> A person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to prevent or terminate such other's *unlawful entry into or attack upon* a habitation; however, such person is justified in the use of force which is intended or likely to cause death or great bodily harm *only if*:
>
> (1) *The entry is made or attempted in a violent and tumultuous manner* and he or she reasonably believes that the entry is attempted or made for the purpose of assaulting or offering personal violence to any person dwelling or being therein and that such force is necessary to prevent the assault or offer of personal violence.

(Emphasis supplied.) OCGA § 16-3-23. Brimidge argues that because the victim lacked permission to be in the room and was intoxicated, cursing, and confrontational, the victim was behaving in a manner consistent with OCGA § 16-3-23 (1). Because the evidence did not authorize the charge of defense of habitation, we find the trial court properly denied Brimidge's request for that charge.

Brimidge cites *Leverette v. State*, which held that force is justified against one who "intends in a riotous and tumultuous manner *to enter the habitation of another* for the purpose of assaulting or offering personal violence." (Emphasis supplied.) *Leverette v. State*, 104 Ga. App. 743, 745 (3) (122 SE2d 745) (1961). Brimidge, unlike Leverette, did not allege that the victim was attempting to enter a habitation. See also *Stobbart v. State*, 272 Ga. 608, 611 (4) (533 SE2d 379) (2000) (holding that OCGA § 16-3-23 "is clearly concerned with the use of deadly force to counter entry, or attempted entry, into the home"). Brimidge testified that after he and the victim ascended to Brimidge's room, Brimidge left his door open, and the victim came in. In denying the requested charge of defense of habitation, the trial court properly noted the lack of evidence of a struggle with the victim trying to get into Brimidge's residence.

Brimidge also cites *Fannin v. State* in support of his argument, noting that Fannin allowed the victim in that case into his home, but after repeatedly asking the victim to leave, believed the victim was threatening him and shot the victim. *Fannin v. State*, 165 Ga. App. 24,

25 (299 SE2d 72) (1983). We reversed the trial court's refusal to give a charge on the defense of habitation to Fannin, but Brimidge fails to note that the evidence in *Fannin* showed "that the deceased used coercion and threats to gain entry into the defendant's home." Id. No evidence was presented in the instant case to suggest that the victim used coercion or threats to gain entry into Brimidge's residence.

2. Brimidge contends the trial court improperly commented on the evidence. During their deliberations, the jury sent out a question asking whether "both sides agree that the gun, 'the .22,' was in the car at the time of the incident." Brimidge objected to the court answering the question, stating, "the question draws attention to something that they can use their recollection on." The court noted that Brimidge "agreed that it was in the car," having provided "no evidence to the contrary." Finding that Brimidge had not "take[n] issue with that fact," the court answered the jury in the affirmative. OCGA § 17-8-57 reads, in pertinent part, "[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." Brimidge argues that because self-defense was a central issue in this case, and because the presence of a gun was relevant to the jury's consideration of this defense, it was error for the judge to express the opinion that there was no gun present during the altercation.

The State notes that in *Miller v. State*, the Supreme Court of Georgia found no error when the trial court included undisputed facts in its charge: that the defendant had held a pistol, pointed it at the deceased, and fired bullets from it which killed the deceased. *Miller v. State*, 151 Ga. 710 (108 SE 38) (1921). The State also cites *McFarland v. State*, 109 Ga. App. 688 (137 SE2d 308) (1964), which offers more guidance than *Miller*. The *Miller* court found no error in a comment by the trial court after weighing that comment "[u]nder a fair construction of all of the evidence and the prisoner's statement." *Miller*, 151 Ga. at 710. Only after considering all the relevant evidence, including Brimidge's defenses, can we decide whether the trial court erred in its statement regarding what the evidence had proven. In conducting this test, we consider the *McFarland* factors.

First, we must determine whether the trial court's statement in the instant case issued from contested evidence. Second, we will consider whether more than one inference is possible from the evidence. Third, we will determine whether the presence of the gun was undisputed, but not admitted, and goes to the essential issue of the guilt or innocence of Brimidge. We held in *McFarland* that it is error for a court to state facts issuing from contested evidence. *McFarland v. State*, 109 Ga. App. at 690. We also held in *McFarland* that it is error for the trial court to assume as a fact undisputed, but

not admitted, evidence "if it goes to the essential issue of the guilt or innocence of the accused," but it is not error for a trial court to assume a fact "not denied except by the general plea of not guilty and which does *not* go to the essential issue of guilt or innocence." (Emphasis supplied.) Id. We note another exception to the general rule that a trial court may not express an opinion regarding what has been proven in a case: where only one inference from the evidence is possible, it is not improper for the court to assume the fact to be true. *Green v. State*, 129 Ga. App. 27, 28 (2) (198 SE2d 343) (1973). By considering these factors, we satisfy the requirement set forth in *Miller* that we weigh the comment made by the trial court "[u]nder a fair construction of all of the evidence and the prisoner's statement." *Miller*, 151 Ga. at 710.

Our first query is whether the presence of the gun during the altercation at Brimidge's residence was contested. The victim testified that his gun was in his car during the altercation in Brimidge's residence. Brimidge did not testify that the gun had been anywhere other than in the victim's car. It appears from the record, therefore, that Brimidge did not contest the location of the gun during the altercation, so the trial court's statement did not issue from contested evidence.

Our second query is whether only one inference from the evidence was possible. The victim's uncontested testimony was that his gun was in his car during the altercation, but the credibility of that testimony was squarely within the jury's factfinding duties. See *Hammontree v. State*, 283 Ga. App. 736, 737 (1) (642 SE2d 412) (2007) (holding that judging the credibility of a witness is the job of the jury). The victim admitted in his testimony that he sold drugs, that he had a gun, and that he had been snorting cocaine and drinking on the night of the altercation. The jury was free to believe or disbelieve some or all of the victim's testimony. Therefore, more than one inference from the evidence was possible. The trial court's statement did not fall into the exception, noted in *Green*, to the general rule that a trial court may not express an opinion regarding what has been proved in the case.

Our third query is whether the undisputed, but not admitted, absence of the gun goes to the essential issue of Brimidge's guilt or innocence. Brimidge testified that he stabbed the victim in self-defense. The use of force "intended or likely to cause death or great bodily harm" is justified only if the defendant "reasonably believes that such force is necessary to prevent death or great bodily injury to himself or herself or a third person." OCGA § 16-3-21 (a). Whether the evidence showed Brimidge had that reasonable belief was a question for the jury. See *Windham v. State*, 278 Ga. App. 663, 666 (629 SE2d 837) (2006) (holding that it is for a jury to decide whether the evidence

supports the existence of a reasonable belief that self-defense required deadly force). The trial court charged the jury that the State had the burden of proving every essential element of the crime charged and the burden of disproving any defenses beyond a reasonable doubt. The trial court charged the jury regarding the details of the defense of justification. The location of the gun was linked to the defense of justification and to the State's burden of disproving this defense to the satisfaction of the jury. We find that the location of the gun goes to the essential issue of Brimidge's guilt or innocence, and therefore the trial court's statement regarding the gun's location was error.

We briefly address the issue of the alleged source of the jury's confusion. When the motion for a new trial was being heard, the trial court noted its belief that the jury's confusion arose when counsel for the defense stated in his closing argument, "Mr. Turner was drinking and driving. Mr. Turner had a gun." The trial court expressed its exasperation "with juries not having the facts and running down rabbit trails." The trial court intended "to clear up that rabbit trail" with its statement regarding the location of the victim's gun. The court went on to admit that instead of commenting on the location of the gun, "I could have said, 'ladies and gentlemen, I'm charging you again, anything the lawyer says is not evidence . . . you [must] remember the evidence.'" See, e.g., *Sanders v. State*, 156 Ga. App. 44, 45 (3) (274 SE2d 88) (1980) (holding a correction by the trial court of defense counsel's misstatement of evidence to be proper where the jury was instructed to consider only the evidence of both parties and to credit the parties as it saw fit).

3. Brimidge further contends that the trial court erred in not giving a jury charge on reckless conduct, and he contends he received ineffective assistance of counsel inasmuch as trial counsel failed to request a charge on reckless conduct. In light of our holdings above, we need not reach these issues.

*Judgment reversed and case remanded for new trial. Miller, J., concurs. Smith, P. J., concurs in the judgment only.*

DECIDED JULY 10, 2007 —
RECONSIDERATION DENIED JULY 31, 2007.

*Thomas S. Robinson III*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys*, for appellee.