## 56588. FERRY v. THE STATE.

BELL, Chief Judge.

Defendant was convicted by a jury of involuntary manslaughter, and filed a motion for a new trial. At the hearing on his motion for a new trial, defendant's attorney advised the court that she was not prepared to proceed as a transcript had not been received from the court reporter; and that the court reporter had advised counsel: "Your Honor had advised her that the transcript would not be turned over to me on a pauper's affidavit. . ." The trial judge then stated: ". . . You are accurate. Ms. Boatenreiter did see me and said that you had requested that you be furnished a copy of the transcript on the basis of the pauper's affidavit, and I informed her, no, that I did not think that Mr. Ferry was entitled to a copy based on that and directed her not to deliver a copy based on a pauper's affidavit. I did not think from what I know about the situation in this case that he is in fact entitled to a copy free. . ." Defendant moved for the judge to recuse himself which was overruled. The court then requested that a copy of the pauper's affidavit be served on the state, and continued the matter to afford the state an opportunity to contest the issue. The day before the scheduled hearing, the state filed a traverse to the pauper's affidavit. After hearing the evidence, the court found as a matter of fact that the defendant was not a pauper and denied the pauper's affidavit. *Held:*

1. Code Ann. § 24-3413 provides that if a party files an affidavit to the effect that from poverty he is unable to pay court costs, he shall be relieved from paying them. The Code further provides that the other party may traverse this affidavit, and ". . . The issue *thereby formed* shall be heard and determined by the court under the rules of the court. . ." (Emphasis supplied.)

The remarks made by the trial judge prior to a traverse of defendant's affidavit, and thus prior to an

issue being formed clearly indicate that the judge had formed an opinion that defendant should not be allowed a free transcript based on his pauper's affidavit prior to a hearing on the issue. Canon 3C (1) (a) of the Georgia Code of Judicial Conduct provides that a judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where he has a personal bias or prejudice concerning a party. The statement of the trial judge reasonably places in question his impartiality on the issue and it was error for him to fail to recuse himself and to hear and decide the case. See *Savage v. Savage,* 234 Ga. 853 (218 SE2d 568). This is of special importance in this case as Code § 24-3413 mandates that, ". . . The judgment of the court on all issues of fact concerning the ability of a party to pay costs or give bond shall be final. . ." and the Supreme Court has held that these factual issues are not subject to review. *Grace v. Caldwell,* 231 Ga. 407 (202 SE2d 49).

2. Defendant's remaining enumerations of error are meritless.

*Judgment reversed. Shulman and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 20, 1978 — DECIDED OCTOBER 18, 1978.

*Victoria D. Little,* for appellant.

*M. Randall Peek, District Attorney, Alton G. Hartley, Robert E. Wilson, Assistant District Attorneys,* for appellee.