## 58078. FERRY v. THE STATE.

Deen, Chief Judge.

1. Defendant contends that the trial court erred in entering an order specially setting this case before another judge after this court ruled that Judge Hendon erred in failing to recuse himself from hearing the motion for a pauper's affidavit. *Ferry v. State,* 147 Ga. App. 642 (249 SE2d 692) (1978).

The facts show that after the remittitur from this court was received, Judge Hendon assigned appellant's case to Judge Broome, also a judge of the Superior Court of DeKalb County. Defendant argues that any order issued in this case by Judge Hendon subsequent to the decision in *Ferry* was void.

We disagree with this contention. While it might have been better for Judge Hendon to have turned this case over to the administrative judge in his judicial district for reassignment, Code Ann. § 24-2623 provides: "When from *any cause* the judge of the superior court is disqualified from presiding, he shall procure the services of a judge of another circuit to try said cause, if he has to appoint an adjourned term for that purpose." (Emphasis supplied.) While this Code section empowers a judge to assign any case in which he is disqualified for any reason, we do not believe that it must be assigned to a judge in another circuit if there is a judge in his own circuit who is not disqualified from hearing the case. This statute was enacted in 1873 when one-judge circuits were the rule rather than the exception. To require literal compliance with this law today would undoubtedly cause un-

necessary delay and expense in multiple judge circuits and would serve no useful purpose. As there is no evidence to show that Judge Broome was not qualified to preside at the hearing, this enumeration is without merit.

2. Defendant next contends that the trial court erred in denying his pauper's affidavit because the finding of fact that appellant was not a pauper was unsupported by the evidence.

The evidence clearly showed that Ferry earns $1,000 a month while he is out of jail on an appeal bond, that he earned nearly $12,000 in 1978, and that he pays his attorney between $25 to $50 a month. All rulings of the trial court on such issues of fact, however, concerning the ability of a party to pay costs are final and not subject to review. *Grace v. Caldwell,* 231 Ga. 407 (202 SE2d 49) (1973).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED JULY 2, 1979 — DECIDED SEPTEMBER 4, 1979 — REHEARING DENIED SEPTEMBER 21, 1979—

*Victoria D. Little,* for appellant.

*Randall Peek, District Attorney, Alton G. Hartley, Assistant District Attorney,* for appellee.