## 35653. FERRY v. THE STATE.

JORDAN, Presiding Justice.

This court granted certiorari in the case of *Ferry v. State,* 151 Ga. App. 436 (260 SE2d 351) (1979) to consider the following issues: Does Code Ann. § 24-2623 apply to multi-judge circuits; and if it does not, what procedures for the selection of a successor-judge shall apply when, from any cause, a judge in a multi-judge circuit is disqualified?

Ralph Ferry, petitioner, was found guilty of voluntary manslaughter and sentenced to fifteen years by Judge E. T. Hendon of the Stone Mountain Judicial Circuit. At the hearing on the petitioner's motion for new trial, the petitioner noted that he had filed a pauper's affidavit in support of his right to a free transcript of his trial and that without said transcript he could not amend his motion for new trial. Judge Hendon ordered the state to file a traverse to the petitioner's pauper's affidavit and reset, for a later hearing, the issue of the petitioner's poverty.

The petitioner then asked Judge Hendon to recuse himself because Judge Hendon had earlier expressed his opinion that the petitioner was not sufficiently impoverished to warrant the state providing him with a free transcript. Judge Hendon refused to recuse himself and at the later hearing on the issue of the petitioner's poverty ruled that the petitioner was in fact not entitled to a free transcript.

On appeal, the Court of Appeals reversed Judge Hendon's refusal to recuse himself, and on remand, Judge Hendon assigned the case to Judge Broome who, like Judge Hendon, is a judge of the Stone Mountain Judicial Circuit. Judge Broome, after a hearing ruled that the petitioner was not sufficiently impoverished to warrant a free transcript, and the petitioner appealed. The Court of Appeals affirmed and we granted certiorari as noted above.

Code Ann. § 24-2623 provides: When from any cause the judge of the superior court is disqualified from presiding "he shall procure the services of a judge of *another* Circuit to try said cause . . ."

The Court of Appeals reasoned that since this statute

was enacted in 1873 when one-judge circuits were the rule rather than the exception, a disqualification would not require the assignment of the case to a judge in another circuit if there was a judge within the circuit who was not disqualified from hearing the case.

We concur with this holding of the Court of Appeals that Code Ann. § 24-2623 does not apply to multi-judge judicial circuits and that consequently a successor judge can be selected from the disqualified judge's own judicial circuit or judicial administrative district.

However, we question the propriety of the disqualified judge naming the successor judge. Canon 2(A) of the Code of Judicial Conduct, 231 Ga. Appendix A, at A-2 (1974), states that "A judge . . . should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Further, the commentary to Canon 2(A) explains that a judge must avoid all impropriety and all *appearance* of impropriety.

We think there is a potential for reducing public confidence in the judiciary when a disqualified judge is allowed to name a successor judge, either within his own circuit or outside his circuit pursuant to Code Ann. § 24-2623. The exercise of discretion by a disqualified judge with regard to the selection of a successor judge is properly limited to his participation in the adoption by his judicial district of an impartial procedure for said selection.

In order to insure public confidence in the integrity and impartiality of the judiciary in these situations, the Judicial Administration District Councils should immediately take the action necessary to promulgate rules for the impartial assignment of judges to preside in a cause in which there is a disqualification.[1] The District Administrative Judge clearly has the authority to make assignment of "any superior court judge within the District to sit on any type of case . . . within the District . . ." subject to the provisions of the Judicial Administrative Act and under rules promulgated by the district council.

---

[1] As to disability caused by bodily or mental sickness of a superior court judge, see Code Ann. § 24-2610.

Code Ann. § 24-3306a(b) (Ga. L. 1976, pp. 782, 784).

Since we find no evidence in this case, as did the Court of Appeals, to show that the successor judge was not qualified to preside at the hearing as to the indigency of the petitioner, we affirm the holding of the Court of Appeals.

*Judgment affirmed. All the Justices concur, except Bowles, J., who concurs in the judgment only.*

ARGUED JANUARY 15, 1980 — DECIDED APRIL 8, 1980 —
REHEARING DENIED APRIL 29, 1980.

*Victoria D. Little,* for appellant.
*Randall Peek, District Attorney,* for appellee.