## 62893. FERRY v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted for murder. He was thereafter tried and convicted of voluntary manslaughter. He was sentenced to serve a term of 15 years and appeals his conviction.

In *Ferry v. State,* 147 Ga. App. 642 (249 SE2d 692), this court considered the issue of his entitlement to a copy of the transcript based on a pauper's affidavit (report of that case incorrectly stating he was convicted of *involuntary manslaughter*). Upon the return of the remittitur a hearing was held with reference to whether or not he was a pauper entitled to a free transcript of his trial, and the motion was denied. We are no longer concerned with this issue but proceed to consideration of the appeal after the transcript was prepared and the defendant allowed to receive a copy of the transcript. See also in this connection *Ferry v. State,* 151 Ga. App. 436 (260 SE2d 351), s.c. 245 Ga. 698 (267 SE2d 1). *Held:*

1. The first enumeration of error is concerned with denial of defendant's motion for mistrial based upon the fact that during the state's final argument to the jury counsel for the state commented on the failure of the defendant's wife to testify. A witness had testified with reference to two separate conversations or encounters between himself and the defendant just prior to the shooting. His testimony contained an admission by defendant implying the defendant was going to kill the deceased. During the second encounter defendant's wife was apparently following him (driving his automobile) as he ran up the street from decedent's service station toward his home. During cross-examination of this witness counsel for defendant injected the

issue of the wife coming up in the automobile. In addition, the defendant also testified as to this contact with the witness and that no conversation between them had occurred but that his wife had arrived about the same time and "[m]y wife tell me — I said I was going to try find him. Said, 'Don't go out there.' I said 'Jimmy might be out there dying, Baby. I've got to find him. Carl [decedent] try to beat him to death. I've got to find him. He might be out there dying,' and I got in the car."

In closing argument, defense counsel argued the wife was "trying to catch up with him." There had already been an altercation between the defendant and the victim and some evidence that the defendant had run his automobile into a telephone pole and off the curb and had a flat tire. However, defendant claimed the deceased shot out the tire.

During closing argument the state's counsel, referring to this incident and to the testimony of the defendant after he went home after the fight stated as follows: "His wife begged him not to go back and I bet she did. I bet she could see in her own mind trouble like she never wanted was coming. But she didn't tell you about it. How she sat in the car, watched her brother —." At this time the motion for mistrial was made based upon the injection of the fact the wife had failed to testify. It has been held in *James v. State,* 223 Ga. 677 (5), 682-684 (157 SE2d 471), that the defendant does not have the power to compel his wife to testify although she is competent, the Supreme Court holding "her failure to testify was not a proper subject matter of argument by counsel for the State." At page 683 of *James v. State,* supra, the case of *Knox v. State,* 112 Ga. 373 (37 SE 416), was cited holding, " '[m]ere failure by one on trial for crime to call and examine as a witness his daughter who was shown to have been present at the commission of the alleged offense could in no event raise a presumption against the accused that the daughter would, if introduced, have testified unfavorably to him, when it affirmatively appeared' " that she was not a competent witness due to not being of sufficient age and "the failure to call and examine her was not a legitimate subject matter of argument before the jury." At page 684 of *James v. State,* supra, the Supreme Court held that a wife had a right to refuse to testify "for any reason favorable to her own interest, and the defendant could not require her presence as a witness. It was thus not a legitimate subject matter of argument for counsel for the State that the defendant's wife did not testify," citing Code Ann. § 38-1604 (Ga. L. 1957, p. 53), that court holding "no inference could properly arise that [defendant] was not telling the truth because she did not testify and corroborate his statement." While the error was more glaring in *James v. State,* supra, yet here with reference to the state's

closing argument that the defendant's wife could have testified and explained what occurred it is similar to the argument there that, "if the defendant were telling the truth she would have taken the stand and corroborated him." The case is similar here in that the trial court did not rebuke counsel for making this argument and denied the motion for mistrial. It is also not as glaring an error as was the case in *Colson v. State,* 138 Ga. App. 366 (13, 14, 15, 16, 17), 369-371 (226 SE2d 154), wherein the defendant's wife was required to assert her marital privilege against testifying in the presence of the jury. Yet the comment was exceedingly harmful to the defendant as made in the state's final argument regarding evidence which was not produced at trial, counsel speculating his wife "begged him not to go back" and upon what the content of her testimony might be if she was called as a witness.

Code § 81-1009 refers to the improper conduct of counsel in the hearing of the jury in making statements of prejudicial matters which are not in evidence, stating clearly "it is the duty of the court to interpose and prevent the same; and on objection made, he shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impressions from their minds; or in his discretion, he may order a mistrial." Instead, the court, in the case sub judice, ruled he considered the motion to be frivolous and forthwith denied the motion.

Counsel for the state argues that the comment was a proper reference to the inference which could be drawn by the jury from the defendant's failure to produce witnesses, citing *Gamarra v. State,* 142 Ga. App. 196, 199 (5) (235 SE2d 652); *Montgomery v. State,* 140 Ga. App. 286, 287 (2) (231 SE2d 108); *Shirley v. State,* 245 Ga. 616, 619 (1) (266 SE2d 218); *Contreras v. State,* 242 Ga. 369, 372 (3) (249 SE2d 56). These cited cases apparently deal with a witness competent and compellable to testify other than a wife, as in the case sub judice, who is competent to testify, yet not compellable. The state further alleges that the doctrine of curative admissibility is involved in that the alleged error was induced by defendant's counsel in his closing argument, hence no reversible error has been committed citing *Kates v. State,* 152 Ga. App. 29, 33 (262 SE2d 221). It is contended that the reference to the wife clearly originated with the counsel for defendant and not with the state, hence the above cited case controls. We do not agree. The trial court should have taken curative action under Code § 81-1009, and having failed to do so, the motion for mistrial is meritorious. See in this connection *James v. State,* 223 Ga. 677 (5), 682-684, supra; *Winget v. State,* 138 Ga. App. 433 (226 SE2d 608); *Spry v. State,* 156 Ga. App. 74 (274 SE2d 2). This error requires a reversal of defendant's conviction and the granting of a new trial.

2. Defendant next contends that the trial court, during pretrial instructions to the jury, erred in telling the jury that a normal procedure is for the state's attorney "to outline to you first what the State's contentions are about the way this crime was committed." Defendant argues that "[t]he trial court's comment violated Ga. Code Ann. § 81-1104, which prohibits a judge of a superior court from expressing or intimating his opinion as to what has or has not been proved during the trial of the case." See in this connection *Taylor v. State,* 2 Ga. App. 723 (3), 728-730 (59 SE 12); *Crawford v. State,* 139 Ga. App. 347 (2), 349 (228 SE2d 371); *Henderson v. State,* 14 Ga. App. 672 (82 SE 61). However, in our examination of the transcript wherein the trial court made this statement we find no objection whatsoever which would require the court to have made a correction of this statement by the court. The statement could have been inadvertent in that the court intended to express that it was the state's contention, "about the way this crime was committed." Under the circumstances here we refuse to reverse the case on this ground.

3. During the trial the defendant now contends that on numerous occasions the court denied the defendant his right to a thorough and sifting cross-examination, and having made motions for mistrial in a number of these instances the trial court committed reversible error in failing to grant same. The scope of cross-examination is within the sound discretion of the trial court, and the trial court may restrict cross-examination to matters material to the issues. See *Hawkins v. State,* 141 Ga. 212, 213 (5) (80 SE 711); *Smiley v. State,* 156 Ga. 60 (3) (118 SE 713); *Stevens v. State,* 49 Ga. App. 248 (2), 251 (174 SE 718). Since we have required that a new trial be granted as disclosed in Division 1 and on the retrial of the issues the alleged errors may not again occur we, therefore, decline to consider these enumerations of error further.

4. As a general rule the character for violence of the victim of a homicide is irrelevant and inadmissible in a murder trial. See *Doyal v. State,* 70 Ga. 134 (5), 148-149; *Baker v. State,* 142 Ga. 619, 621-622 (83 SE 531); *Henderson v. State,* 234 Ga. 827, 828 (1) (218 SE2d 612). But proof of violent and turbulent character of the deceased becomes admissible when it is prima facie shown that the deceased was the assailant. See *Henderson v. State,* 234 Ga. 827, 828-829, supra. See also *Daniels v. State,* 248 Ga. 591 (285 SE2d 516), rev. s. c. 158 Ga. App. 476, 478 (3) (282 SE2d 118), with reference to the justification theory and fears of a reasonable man.

In the case sub judice the defendant sought to recall certain state witnesses for cross-examination, contending in these enumerations of error that the trial court deprived him of his constitutional rights

in refusing to allow the defendant to recall these witnesses after they had testified for the state. The defendant could have called these witnesses as defense witnesses under the court's ruling had defense counsel chosen to do so, but attempted to call these witnesses on cross-examination in order to impeach their testimony. We find no reversible error here that the trial court denied the defendant the constitutional right of confrontation since these witnesses had already testified for the state at the time defense counsel sought to have them recalled for further examination. These enumerations of error are not meritorious. Under the circumstances here the defendant was not denied his right to a thorough and sifting cross-examination of the witnesses against him.

Defense counsel also insists that the trial court erred in failing to grant defendant's motion for mistrial when the defendant was not allowed to present evidence of the deceased's general reputation in the community *for a specific type of violence,* which evidence it is contended was highly relevant and material to the defendant's defense of justification. Defendant here cites *Henderson v. State,* 234 Ga. 827, 828 (1), supra, and *Maynor v. State,* 241 Ga. 315, 316 (245 SE2d 268), contending these cases are controlling. See also *Milton v. State,* 245 Ga. 20, 22 (262 SE2d 789); and *Daniels v. State,* 248 Ga. 591, supra.

The motion for mistrial was made when the defendant was seeking to recall certain state's witnesses for further cross-examination. In this instance the court instructed counsel that the witnesses could be called as witnesses for the defense but not for the purpose of further cross-examination although counsel could recall the witnesses based on evidence already in the case, and defense counsel was allowed to recall one of those witnesses.

Further examination of the record fails to disclose that the defendant's motion was based on the "deceased's general reputation for a specific type of violence," but was an attempt to establish the deceased's reputation for violence in the community was bad. Consequently, the enumerations of error complaining that the trial court erred in denying the motion for mistrial based upon the defendant's attempt to present evidence of the deceased's general reputation in the community for a specific type of violence or to prove "similar acts of violence performed by the deceased to show intent, motive, plan or scheme or bent of mind of the deceased," are not meritorious since no such motions for mistrial were made. These enumerations of error are not meritorious.

5. The next two enumerations of error which we consider contend the trial court erred in denying a motion for verdict of acquittal and the evidence was insufficient to convict defendant of

voluntary manslaughter. After a careful review of the entire record and transcript we find that a rational trier of fact, the jury here, could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt of the offense of voluntary manslaughter. See *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Snell v. State,* 246 Ga. 648 (272 SE2d 348); *Caffo v. State,* 247 Ga. 751, 754 (279 SE2d 678). There is no merit in this complaint. The evidence was sufficient to convict the defendant of voluntary manslaughter.

6. The requested charge in regard to the burden of proof of justification and mitigation requested by the defendant was somewhat argumentative in favor of the defendant, and it was not necessary to charge the jury that the burden of proof remains with the state to prove and to prove beyond a reasonable doubt that the act or offense was not committed in self-defense, based upon *Satterfield v. State,* 68 Ga. App. 7 (21 SE2d 861). A failure to give such instruction did not in any wise create an assumption that the defendant, having claimed justification, had to prove he was justified or at least that he must rebut the presumption that the shooting incident was murder. Here the jury did not find him guilty of murder, but of the lesser offense of voluntary manslaughter. The court fully charged the burden of proof was upon the state as to each and every material allegation contained in the indictment and each and every element of the offense charged had to be established beyond a reasonable doubt. The court also charged on criminal intent and did not create a burden shifting charge in this respect. The judgment in the case of *Johnson v. State,* 137 Ga. App. 740, 741-745 (224 SE2d 859), was vacated in *State v. Johnson,* 237 Ga. 276 (227 SE2d 345), and that case is not controlling here.

7. The written request to charge that there is "a presumption that no crime has been committed and the burden is on the state to prove beyond a reasonable doubt that a crime was, in fact, committed," was amply covered in the trial court's charge on the presumption of innocence, reasonable doubt and burden of proof placed upon the state. There is no merit in this complaint.

8. We cannot agree that the trial court failed to remain completely impartial and injected the court into the trial to such an extent that defendant was deprived of his right to a fair and impartial trial. The defendant has not pointed out wherein the court had interfered with the trial so as to force its will on counsel. The remaining enumerations of error complained of in this argument are not meritorious.

However, for the reasons stated above in Division 1, a new trial is necessary.

*Judgment reversed. Quillian, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 16, 1982 —
REHEARING DENIED MARCH 25, 1982 —

*Victoria D. Little,* for appellant.
*Robert Wilson, District Attorney, Ann Poe Mitchell, Assistant District Attorney,* for appellee.