Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000902
29-SEP-2023
08:04 AM
Dkt. 124 OP

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---o0o---

ANTHONY S. BARDIN; GREG ALLEN, SR.; GREG ALLEN, JR.;
THOMAS J. BROOKS; JENNIFER S. BROOKS; MICHAEL CHANDLER;
KIRBY B. GUYER; MILTON SEARLES; JOHN R. HOFF TRUST;
LORNA E. HOFF TRUST; MICHELE L. KAISER; TODD SCHRIM;
JOHN WARK; and SHANNON WARK, Appellants-Appellants, v.
PLANNING DEPARTMENT OF THE COUNTY OF KAUAʻI/PLANNING
COMMISSION OF THE COUNTY OF KAUAʻI, KIMO KEAWE, in is
official capacity as Chairperson of the Planning
Commission, Appellees-Appellees

NO. CAAP-18-0000902

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 17-1-0181 JKW)

SEPTEMBER 29, 2023

LEONARD, PRESIDING JUDGE, AND WADSWORTH AND McCULLEN, JJ.

OPINION OF THE COURT BY WADSWORTH, J.

This case concerns the selection of a hearing officer appointed to hear and conduct the contested case proceedings brought by Appellants-Appellants Anthony S. Bardin (**Bardin**), Greg Allen, Sr., Greg Allen, Jr., Thomas J. Brooks, Jennifer S. Brooks, Michael Chandler, Kirby B. Guyer, Milton Searles, Michael L. Kaiser, and Todd Schrim (collectively, **Appellants**)[1] against Appellee-Appellee Planning Department of the County of Kauaʻi (**Planning Department**). The proceedings are pending before

---

[1] On October 28, 2020, we entered an order granting the motion of Appellants-Appellants John Wark, Shannon Wark, Michael Chandler, John R. Hoff Trust, and Lorna E. Hoff Trust to dismiss this appeal as to them, with prejudice.

Appellee-Appellee Planning Commission of the County of Kauaʻi (**Planning Commission**). Appellants moved to disqualify the hearing officer appointed by the Planning Commission based in part on the alleged appearance of impropriety and bias created by the method used to select the hearing officer. The Planning Commission denied Appellants' motions. Appellants then filed their primary appeal in the Circuit Court of the Fifth Circuit, which affirmed the Planning Commission's decision.[2/]

In this secondary appeal, Appellants appeal from the Circuit Court's Final Judgment (**Judgment**), entered in favor of the Planning Department on October 22, 2018. Appellants also challenge the Circuit Court's Findings of Fact, Conclusions of Law, and Decision and Order (**FOFs/COLs/Order**), entered on August 8, 2018. The FOFs/COLs/Order affirmed the Planning Commission's Findings of Fact, Conclusions of Law, and Decision and Order (**Planning Commission FOFs/COLs/Order**), issued on December 1, 2017, through Appellee-Appellee Kimo Keawe, in his official capacity as Chairperson of the Planning Commission.

On appeal, Appellants contend that the Circuit Court erred in affirming the Planning Commission's decision to deny Appellants' motions to disqualify the hearing officer. Appellants argue in part that the selection of the hearing officer bypassed the public procurement process or any process designed to ensure fair government conduct, where the law firm that was hired by the County of Kauaʻi (**County**) to provide services as a hearing officer, and which was later determined to have a conflict of interest in providing such services, assigned the firm's service contracts to the attorney who thereby became the hearing officer.

We hold that the Circuit Court erred in affirming the Planning Commission's determinations that: (a) Appellants did not have standing to challenge the assignment of the service contracts to the hearing officer; and (b) the Planning Commission did not have jurisdiction to hear Appellants' challenge. Appellants challenged the assignment of the service contracts for

---

[2/] The Honorable Kathleen N.A. Watanabe presided.

failing to follow any process designed to ensure a fair tribunal, and for allowing a conflicted entity to choose the successor hearing officer. Appellants' challenge was based on established standards of just procedure and judicial conduct, grounded in due process requirements, which apply to administrative adjudicators. Appellants had standing to move to disqualify the hearing officer based on these standards, and the Planning Commission had jurisdiction to hear the motions.

We further hold that the Circuit Court erred in affirming the Planning Commission's determination that Appellants failed to meet their burden to prove that the challenged hearing officer should be disqualified in their contested case proceedings. It is undisputed that the assignment of the service contracts to the hearing officer was made by the law firm that acknowledged having alleged conflicts of interest that prevented it from acting as a hearing officer for the Planning Commission. The appearance of justice was not satisfied in these circumstances by allowing a conflicted entity that could not act as a hearing officer to choose, or to participate in choosing, its successor. We also conclude that Appellants' motions to disqualify the hearing officer were timely.

Accordingly, we vacate the FOFs/COLs/Order and the Judgment.

## I. Background

This case arises out of multiple contested case proceedings pending before the Planning Commission, each involving permit applications for transient vacation rentals (**TVR**) or homestays denied by the Planning Department, or TVR or homestay violations issued by the Planning Department. In each proceeding, the Planning Commission appointed hearing officer Harlan Kimura (**Kimura**) to conduct the contested case hearing, and in each case, the Appellant filed a substantially similar motion to disqualify Kimura. In their motions, Appellants contended, among other things, that: (1) Kimura's selection as a hearing officer was not made in accordance with the Procurement Code, Hawaii Revised Statutes (**HRS**) § 103D-304; (2) the fines that Kimura assesses in contested case hearings are commingled with

the funds used to pay him; and (3) a hearing officer cannot serve where there is an appearance of impropriety and bias. Related to the first contention, certain Appellants specifically challenged the "ability of the purchasing agency to include an assignment clause in the contract that bypasses the selection process of professional services in the Procurement Code . . . [and a]llow[s] the contract awardee the ability to assign the contract to any person of its choosing[.]"[3/]

All of Appellants' motions to disqualify Kimura were consolidated for hearing before the Planning Commission. The Planning Commission held a hearing on the motions on December 13, 2016, and May 9, 2017.

On December 1, 2017, the Planning Commission issued the Planning Commission FOFs/COLs/Order, denying Appellants' motions to disqualify Kimura. The Planning Commission concluded that: (1) Appellants "do not have standing to challenge the hearing officer's contract and the Planning Commission does not have jurisdiction to hear such a challenge"; (2) Appellants "have not met their burden to prove that the hearing officer should be disqualified[,]" because they failed to prove any actual bias or the appearance of bias or impropriety by the hearing officer based on the way Kimura was selected or how he was paid; and (3) Appellants' disqualification motions were untimely "as to those contested cases that have already commenced." (Formatting altered.)

On December 28, 2017, Appellants filed a notice of appeal in the Circuit Court pursuant to HRS § 91-14, appealing from the Planning Commission FOFs/COLs/Order. On the same date, Appellants filed a statement of the case, contending, among other things, that the Planning Commission: (1) "improperly relied on [HRS] § 103D-701 to conclude that the Appellants do not have

_____

[3/]    The parties do not dispute that: (1) in 2011 and 2012, pursuant to the public procurement process, the County entered into two contracts with the law firm Ayabe, Chong, Nishimoto, Sia & Nakamura (**ACNSN**) under which the firm was to provide professional services to the County as a master/hearing officer (**Contracts)**; and (2) on April 21, 2015, ACNSN assigned the Contracts to Kimura, "due to alleged conflicts of interests raised by various parties engaged in administrative litigation before the Planning Commission as [ACNSN] has previously defended the County in other matters."

standing to protest the procurement process of the original contract[,]" where "Appellants' argument was based on due process and the appearance of impropriety of the hearings officer that serves as the adjudicatory body over their contested case hearings"; (2) "improperly concluded that the Appellants did not meet their burden to show an appearance of impropriety"; and (3) "improperly concluded that the Appellants who submitted their motions to disqualify after their contested cases had commenced were untimely."

On March 12, 2018, Appellants filed an opening brief in the Circuit Court, in which they further contended that: (1) Appellants had standing to move to disqualify Kimura, and the Planning Commission had jurisdiction to rule on whether Kimura was fairly appointed, because Appellants' challenge was not to the original procurement process for the Contracts, but, rather, to "the unexplained and factually unsupported" assignment of the Contracts to Kimura; (2) the assignment of the Contracts to Kimura "bypassed the Procurement Code's process for fair review, selection, and award of a contract[,]" and provided no assurances of fair process or that Kimura was qualified for the hearing officer position; (3) "Kimura has a direct interest in assessing fines because the fines that he assesses are com[m]ingled in the General Fund with the funds that are used to pay him as a hearings officer[,]" creating the appearance of impropriety and bias; and (4) Appellants timely filed their motions to disqualify Kimura upon discovery of the appearance of impropriety and bias.

After further briefing and oral argument, on August 8, 2018, the Circuit Court entered its FOFs/COLs/Order, which affirmed the Planning Commission FOFs/COLs/Order. The Circuit Court's FOFs stated in relevant part:

> 13.  There was no evidence presented to the Planning Commission that showed . . . Kimura had any bias towards Appellants or Appellee.
>
> 14.  There was no evidence presented to the Planning Commission that showed . . . Kimura had any monetary or other incentive to rule in favor of the Appellants or Appellee.
>
> 15.  The procurement of . . . Kimura as a hearings officer did not evidence any bias on his behalf or an

5

appearance of impropriety.

The Circuit Court's COLs stated in relevant part:

10.    On appeal, Appellants have not shown that the procurement or assignment of the Hearings Officer . . . Kimura to Appellants' contested cases creates an appearance of impropriety.

11.    On appeal, Appellants have not shown that the Hearings Officer . . . Kimura had any incentive to rule in favor of Appellants or Appellee.

. . . .

13.    On appeal, Appellants have not established any errors of law on behalf of the Planning Commission.

This appeal followed.

## II.  Discussion

Appellants contend that the Circuit Court erred when it:  (1) "concluded that the assignment of the contracts to Kimura did not create an appearance of impropriety but did not make any findings or conclusions regarding the heart of Appellants' challenge that the assignment of the Hearing Officer contract violated the Procurement Code"; and (2) "did not address Appellants' challenge to the com[m]ingling of fines collected and funds used to pay Kimura and simply concluded that there was no evidence that Kimura 'had any incentive to rule in favor of Appellants or Appellee.'"

The Planning Department disputes these contentions and also argues that Appellants' motions to disqualify Kimura were untimely.

In this secondary appeal, we apply the standards of HRS § 91-14(g)[4/] to determine whether the Circuit Court's decision was

_____

[4/]    HRS § 91-14(g) (Supp. 2022) provides in relevant part:

Upon review of the record, the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:

(1)    In violation of constitutional or statutory provisions;

(continued...)

right or wrong. Mauna Kea Anaina Hou v. Bd. of Land & Nat. Res., 136 Hawaiʻi 376, 388, 363 P.3d 224, 236 (2015) (Mauna Kea I) (citing Korean Buddhist Dae Won Sa Temple of Hawaiʻi v. Sullivan, 87 Hawaiʻi 217, 229, 953 P.2d 1315, 1327 (1998)).

We address Appellants' contentions first, before turning to the Planning Department's timeliness argument.

## A. Assignment of Contracts to Kimura

Appellants contend that the Circuit Court erred in concluding that the assignment of the Contracts to Kimura did not create an appearance of impropriety. Specifically, Appellants argue that the Planning Commission erroneously determined that it had no authority to review the Planning Department decision to appoint Kimura as the hearing officer. Appellants further argue that the assignment of the Contracts to Kimura by ACNSN – the very entity determined to have conflicts of interest that disabled it from acting as a hearing officer – "bypassed the process set forth in the Procurement Code" to ensure fair government conduct and "sidestep[ped] any formal process of determining whether Kimura was qualified to perform as a Hearing Officer[.]"

Due process requires "a fair trial in a fair tribunal" in proceedings before administrative agencies. See Mauna Kea I, 136 Hawaiʻi at 389, 363 P.3d at 237 (quoting Sifagaloa v. Bd. of Trs. of Emps.' Ret. Sys., 74 Haw. 181, 189, 840 P.2d 367, 371 (1992)). In this regard, the Rules of Practice and Procedure of the Kauaʻi Planning Commission (2014) (**Planning Commission Rules**)

---

[4] (...continued)

    (2)    In excess of the statutory authority or jurisdiction of the agency;

    (3)    Made upon unlawful procedure;

    (4)    Affected by other error of law;

    (5)    Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

    (6)    Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

provide that "[i]n all Agency Hearings before the Commission, the Chair, or one of the Commissioners, or a Hearing Officer duly appointed and designated shall preside at the hearing."  Planning Commission Rules Rule 1-6-1(a).  As applicable here, Rule 1-6-1(a) required that a Hearing Officer who was "<u>duly</u> appointed and designated . . . preside at the [Appellants' contested case] hearing[s]."  <u>Id.</u> (emphasis added).  "Duly" means "[i]n a proper manner; in accordance with legal requirements."  <u>Black's Law Dictionary</u> 633 (11th ed. 2019).  Thus, the Planning Commission's rules required that the hearing officer assigned to Appellants' contested case hearings have been appointed in a proper manner, in accordance with legal requirements.  <u>See</u> <u>Sierra Club v. Castle & Cooke Homes Haw., Inc.</u>, 132 Hawaiʻi 184, 186, 206, 320 P.3d 849, 851, 871 (2013) (holding that a State Land Use Commission member that was not properly on the board was disqualified from participating and voting on land use issues related to a development project).

It does not appear that any applicable ordinance, rule, or regulation adopted by the County, the Planning Department or the Planning Commission governed the selection or appointment of Kimura as a Planning Commission hearing officer.  It is beyond dispute, however, that the County's procedure for selecting and appointing Kimura as a hearing officer must at a minimum have comported with due process requirements.

> "There are certain fundamentals of just procedure which are the same for every type of tribunal and every type of proceeding."  R. Pound, <u>Administrative Law</u> 75 (1942).  "Concededly, a 'fair trial in a fair tribunal is a basic requirement of due process.'  <u>In re Murchison</u>, 349 U.S. 133, 136, 75 S. Ct. 623, 625, 99 L. Ed. 942 (1955).  This applies to administrative agencies which adjudicate as well as to courts.  <u>Gibson v. Berryhill</u>, 411 U.S. 564, 579, 93 S. Ct. 1689, 1698, 36 L. Ed. 2d 488 (1973)."  <u>Withrow v. Larkin</u>, 421 U.S. 35, 46-47, 95 S. Ct. 1456, 1463-64, 43 L. Ed. 2d 712 (1975).  Of course, "a biased decisionmaker is constitutionally unacceptable."  <u>Id.</u> at 47, 95 S. Ct. at 1464.  But "no one would argue seriously that the disqualification of decisionmakers on grounds of actual bias prevents unfairness in all cases."  <u>State v. Brown</u>, 70 Haw. 459, 467, 776 P.2d 1182, 1187 (1989).  So "our system of justice has always endeavored to prevent even the probability of unfairness."  <u>In re Murchison</u>, <u>supra</u>.

<u>Sifagaloa</u>, 74 Haw. at 189, 840 P.2d at 371 (brackets omitted) (quoting <u>Sussel v. City and Cnty. of Honolulu Civil Serv. Comm'n</u>,

71 Haw. 101, 107, 784 P.2d 867, 870 (1989)).

Here, Appellants contend that the assignment of the Contracts to Kimura by ACNSN did not follow the process set forth in the Procurement Code or any process designed to ensure a fair and qualified hearing officer. As a result, Appellants contend, they were left without the assurance that their hearing officer was fairly selected and duly appointed and that they would receive a fair trial in a fair tribunal.

It appears that the Planning Commission did not directly address these arguments, though it did conclude that Appellants did not meet their burden to prove that Kimura should be disqualified. Specifically, the Planning Commission concluded:

> **A.  Petitioners Do Not Have Standing To Challenge The Hearing Officer's Contract And The Planning Commission Does Not Have Jurisdiction To Hear Such A Challenge.**
>
> . . . .
>
> 3.  The only parties who can challenge the procurement process are:  "[a]ny actual or prospective bidder, offeror, or contractor who is aggrieved in connection with the solicitation or award of a contract." HRS § 103D-701(a).
>
> . . . .
>
> 7.  As Petitioners are not "bidder[s], offeror[s], or contractor[s]" in relation to the Hearing Officer's contract, they have no ability to challenge the contract or the procurement process that resulted in the contract.
>
> 8.  As the Commission is not the chief procurement officer or designee, it has no jurisdiction over a challenge to a government contract.
>
> 9.  Based on HRS § 103D-701(a), the Commission cannot consider Petitioners' allegations in regards to the validity of the contract that "Mr. Kimura was not on the list of qualified persons as required by H.R.S. 103D-304 when he was assigned a contract to be a Hearing Officer."
>
> **B.  Petitioners Have Not Met Their Burden To Prove That The Hearing Officer Should Be Disqualified.**
>
> . . . .
>
> 10.  Even if the Commission were to consider the allegation that, "Mr. Kimura was not on the list of qualified persons as required by H.R.S. 103D-304 when he was assigned a contract to be a Hearing Officer" for the purposes of evidencing actual bias or the appearance of bias or impropriety, Petitioners failed to prove both: (1) that the Procurement Code actually requires that Kimura be on such list for the purposes of an assignment; or (2) that

> this amounts to actual bias or an appearance of bias or impropriety by the Hearing Officer against Petitioners or for the Department.

In turn, the Circuit Court ruled:

<u>CONCLUSIONS OF LAW</u>

. . . .

10.    On appeal, Appellants have not shown that the procurement or assignment of the Hearings Officer . . . Kimura to Appellants' contested cases creates an appearance of impropriety.

. . . .

13.    On appeal, Appellants have not established any errors of law on behalf of the Planning Commission.

We conclude that the Planning Commission erred in determining that:  (a) Appellants did not have standing to challenge the assignment of the Contracts to Kimura; and (b) the Planning Commission did not have jurisdiction to hear Appellants' challenge.  Further, the Circuit Court erred in COL 13 to the extent it determined these were not errors of law by the Planning Commission.  Appellants did not challenge the Contracts themselves for alleged violations of the Procurement Code.  Rather, Appellants challenged the <u>assignment</u> of the Contracts to Kimura for <u>bypassing</u> the process set forth in the Procurement Code to ensure fair process and qualified applicants, for failing to follow any other process designed to ensure a fair tribunal, and for allowing a conflicted entity to choose the successor hearing officer.  Appellants' challenge was based on established standards of just procedure and judicial conduct, grounded in due process requirements, which apply to administrative adjudicators. <u>See</u> <u>In re Conservation Dist. Use Application HA-3568</u>, 143 Hawaiʻi 379, 392, 431 P.3d 752, 765 (2018) (<u>Mauna Kea II</u>) ("With respect to the applicable law, the [Board of Land and Natural Resources (BLNR)] properly concluded that 'an administrative adjudicator should [not] be allowed to sit with impunity in a case where the circumstances fairly give rise to an appearance of impropriety and reasonably cast suspicion on [the adjudicator's] impartiality[,] <u>Sussel</u>, 71 Haw. at 109, 784 P.2d at 871 . . . and that administrative adjudicators are held to the same standard as

10

judges.")  Appellants had standing to move to disqualify Kimura based on these standards, and the Planning Commission had jurisdiction to hear the motions.  See id. (ruling there was no error in BLNR's decision to deny appellants' motion to disqualify hearing officer based on alleged conflict of interest creating the appearance of impropriety).

We further conclude that the Planning Commission erred in determining that Appellants did not meet their burden to prove that Kimura should be disqualified as the hearing officer in their contested case proceedings.  The Circuit Court similarly erred in COLs 10 and 13.  It is undisputed that the assignment of the Contracts to Kimura was made by ACNSN, which acknowledged having alleged conflicts of interest that prevented it from acting as a hearing officer for the Planning Commission.[5/]  The appearance of justice was not satisfied in these circumstances by allowing a conflicted entity that could not act as a hearing officer to choose, or to participate in choosing, its successor. See Ferry v. State, 267 S.E.2d 1, 2 (Ga. 1980) ("[T]here is a potential for reducing public confidence in the judiciary when a disqualified judge is allowed to name a successor judge . . . .").  In other words, the circumstances of the assignment could cause a reasonable person to question Kimura's impartiality.[6/]  See Mauna Kea II, 143 Hawaiʻi at 392, 431 P.3d at 765; Hawaiʻi Revised Code of Judicial Conduct Rule 2.11(a) (2014) (requiring disqualification or recusal of a judge if "the judge's impartiality might reasonably be questioned" (asterisk omitted)).

Because we conclude that the assignment of the Contracts to Kimura by ACNSN failed to satisfy the appearance of justice - and the Planning Commission thus erred in determining

---

[5/]     Indeed, the Planning Department asserts in its answering brief that "[w]hen a conflict of interest arose, [ACNSN] assigned the contract to a neutral arbiter."

[6/]     We do not mean to suggest there is any evidence in the record that Kimura was actually biased by virtue of the assignment of the Contracts by ACSNSN.  We have found none.  The supreme court has observed, however, that the "stringent rule [that justice must be fair and also appear to be fair] may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties." Mauna Kea I, 136 Hawaiʻi at 389, 363 P.3d at 237 (quoting In re Murchison, 349 U.S. 133, 136 (1955)).

that Appellants did not meet their burden to prove that Kimura should be disqualified – we need not reach Appellants' contention based on the alleged commingling of fines collected and funds used to pay Kimura.

## B.  Timeliness of the Motions to Disqualify

The Planning Department contends that Appellants' motions to disqualify Kimura were untimely, because Appellants had constructive notice through their counsel that Kimura was assigned to Bardin's case on July 29, 2015.

In response, Appellants contend that the Planning Department waived its waiver argument, because the Circuit Court did not rule that any of the motions to disqualify Kimura were untimely, and the Planning Department did not appeal from the Judgment.  Appellants argue in the alternative that their motions were timely, because they were filed as soon as the disqualifying facts became known, and before Kimura rendered any substantive decisions in any of the cases.

On the timeliness issue, the Planning Commission COLs stated in relevant part:

> **C.    Petitioners' Motion Is Further Denied As Untimely As To Those Contested Cases That Have Already Commenced.**
>
> 1.    As to those contested cases that have already commenced, the Commission denies the Motions on the additional grounds that the Motions are untimely.
>
> 2.    A party asserting grounds for disqualification must timely present the objection, either before the commencement of the proceeding, or as soon as the disqualifying facts become known." In re Water Use Permit Applications, 94 Hawaiʻi[] 97, 122 (200[0]).
>
> **i.    Petitioners Had Constructive Knowledge Of The Hearing Officer's Procurement**
>
> 1.    The Masters/Hearing Officer Contract, Contract No. 8741, between the County of Kauaʻi and Ayabe, Chong, Nishimoto, Sia, & Nakamura, a Limited Liability Law Partnership, has been a matter of public record since being stored in the Kauaʻi County Contract Repository on July 25, 2012.
>
> 2.    Similarly, the Hearing Officers procurement has been a matter of public record since the filing of the Assignment of Contract 8741, in the Contract Repository on May 11, 2015.

12

> 3. Consequently, Petitioners had constructive knowledge of Contract 8741 since July of 2012, and of its assignment since May 11, 2015.

We note that the Planning Commission FOFs/COLs/Order did not identify which Appellants' contested cases had already commenced when their respective motions to disqualify were filed. Further, the record on appeal does not appear to contain this information as to all Appellants.[7]

Appellants contended in their primary appeal that the Planning Commission erred in concluding that the disqualification motions filed by those Appellants whose contested cases had already commenced were untimely. In response, the Planning Department asserted generally that "Appellants' Recusal Motions" were untimely.

The Circuit Court noted in FOF 9 that Appellants had argued in part that "the Planning Commission erred when it concluded that some of the Motions were untimely even though they were submitted when the potential for bias was first discovered." However, the Circuit Court did not otherwise address the timeliness issue in its FOFs/COLs/Order. It did, however, conclude in COL 13 that "[o]n appeal, Appellants have not established any errors of law on behalf of the Planning Commission." Accordingly, it does not appear that the Planning Department waived its waiver argument.

The Hawaiʻi Supreme Court has held that "[a] party asserting grounds for disqualification must timely present the objection, either before the commencement of the proceeding or as soon as the disqualifying facts become known." In re Water Use Permit Applications, 94 Hawaiʻi at 122, 9 P.3d at 434. In applying this standard, the supreme court has further stated in part:

> "Litigants cannot take the heads-I-win-tails-you-lose position of waiting to see whether they win and if they lose moving to disqualify a judge who voted against them."

---

[7] The parties' briefing appears to indicate that at least Bardin's contested case hearing had already commenced when he filed his motion to disqualify Kimura. For example, Appellants state in their reply brief that Bardin filed his disqualification motion "at the close of the evidentiary portion of his contested case hearing, but before post-hearing briefing, proposed findings and conclusions, exceptions, or decision-making."

13

Schurz Communications, Inc. v. Federal Communications Comm'n, 982 F.2d 1057, 1060 (7th Cir.1993). "The requirement of timeliness prohibits knowing concealment of an ethical issue for strategic purposes." Id. (citation and internal quotation marks omitted).

Office of Disciplinary Counsel v. Au, 107 Hawaiʻi 327, 339, 113 P.3d 203, 215 (2005); see In re Estate of Damon, 119 Hawaiʻi 500, 511-12, 199 P.3d 89, 100-01 (2008) (concluding that "the facts of this case do not indicate that the timing of [the appellant's] objection constituted 'a matter of deliberate and strategic choice[,]'" and "[i]n light of the procedural history of this case, we cannot say that 'knowing concealment' occurred" (citing and quoting In re Water Use Permit Applications, 94 Hawaiʻi at 123, 9 P.3d at 435, and Au, 107 Hawaiʻi at 339, 113 P.3d at 215)).

Here, there is no evidence in the record that Appellants timed their motions to disqualify Kimura as "a matter of deliberate and strategic choice" or that "knowing concealment" occurred. Estate of Damon, 119 Hawaiʻi at 511-12, 119 P.3d at 100-01. Even assuming *arguendo* that the April 2015 assignment of the Contracts to Kimura was sufficient to notify potential litigants before the Planning Commission of "the disqualifying facts" related to Kimura, the Planning Commission's FOFs do not indicate when Kimura was actually assigned to each of the Appellants' cases, when their respective disqualification motions were filed in relation to Kimura's assignments, and what, if any, proceedings had occurred in each of the Appellants' cases when their respective disqualification motions were filed. Moreover, Appellants maintained below that the disqualification motions were filed before the commencement of their respective contested cases or as soon as the disqualifying facts related to Kimura became known, and there appears to be no dispute that the motions were filed before Kimura entered any substantive decisions in any of the cases. The Planning Commission's conclusion that some of the motions were untimely is thus not supported by any specific findings of fact or substantial evidence in the record. Indeed, the "constructive knowledge" standard applied by the Planning Commission is inconsistent with the "knowing concealment" standard applied by the supreme court in Au and Estate of Damon.

See, e.g., Au, 107 Hawaiʻi at 339, 113 P.3d at 215 (concluding that the appellant's motion to disqualify the hearing committee chair was untimely where it appeared that the appellant "deliberately refrained from raising the issue of [the chair's] conflict of interest in the disciplinary proceedings prior to the evidentiary hearings, instead waiting to raise the conflict of interest issue only *after* [the chair] indicated that the hearing committee was probably going to recommend a disciplinary sanction against [the appellant].")

Accordingly, we conclude that the Planning Commission erred in determining that the disqualification motions filed by those Appellants whose contested cases had already commenced were untimely. We further conclude that the Circuit Court erred in COL 13 to the extent it determined this was not an error of law by the Planning Commission.

### III. Conclusion

For the reasons discussed above, we vacate the August 8, 2018 Findings of Fact, Conclusions of Law, and Decision and Order, and the October 22, 2018 Final Judgment, entered by the Circuit Court of the Fifth Circuit. The matter is remanded to the Planning Commission, so that Appellants' contested case hearings can be conducted before the Planning Commission or a new, duly appointed hearing officer, and/or for further proceedings consistent with this Opinion.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

15